ASHFORD *v.* UNEMPLOYMENT COMPENSA-
TION COMMISSION.

1. UNEMPLOYMENT COMPENSATION—BURDEN OF ESTABLISHING ELIGI-
BILITY.

> The burden of proof rests upon a claimant to establish that he
> meets the conditions of eligibility for benefits under the
> unemployment compensation act (CL 1948, § 421.33).

2. SAME—BENEFITS—PRIMA FACIE CASE.

> A prima facie case is not established one way or the other under
> the unemployment compensation act merely by making an
> appeal to the referee, the statutory requirement that all
> proceedings to recover benefits be referred to the referee
> being a recognition that papers in the files might serve to
> facilitate proceedings by apprising the referee and attorneys
> of the nature of and claims made in connection with an
> application for benefits (CL 1948, § 421.33).

3. SAME—BENEFITS—DISMISSAL OF APPEAL BY REFEREE—BURDEN OF
PROOF.

> Statutory permission to dismiss an appeal from a determina-
> tion as to benefits under the unemployment compensation
> act by the referee to whom the proceedings are referred
> in the event that the appellant does not appear or fails to
> prosecute the appeal does not require the employer, on its
> appeal, to assume the burden of the evidence and proceed
> to offer proofs in opposition to such allegations for the
> claimant as may appear in papers contained in the files of the
> case (CL 1948, § 421.33).

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 42 Am Jur, Public Administrative Law, § 131.
[2, 4–6] 42 Am Jur, Public Administrative Law, § 132.
[7] 10 Am Jur, Certiorari, § 16; 48 Am Jur, Social Security, Un-
employment Insurance, and Retirement Funds, § 46.
[8] 14 Am Jur, Costs, §§ 23, 91.

4. SAME—BENEFITS—PROSECUTION OF APPEAL.

Employer who appealed determination of claims examiner as to plaintiff's right to benefits under the unemployment compensation act and was then confronted with referee's statement that the file as presented to him constituted a prima facie case for the claimant and required the employer to accept the employee's testimony as binding upon it if it chose to have the employee testify, whose attorney stated its position on the law, advanced its contentions as to burden of proof and requirement that plaintiff might testify only as employer's witness prosecuted its appeal, hence appeal was improperly dismissed (CL 1948, § 421.33).

5. SAME—CLAIM FOR BENEFITS—EVIDENCE.

A claim for benefits under the unemployment compensation act is not proved merely by the filing thereof nor by the introduction of the claim or application into evidence or by the determination by claims examiners (CL 1948, § 421.33).

6. SAME—CLAIM FOR BENEFITS—NECESSITY FOR PROOF.

A claim for benefits under the unemployment compensation act which is opposed by the employer must be supported by proof in addition to the statements made in the claim (CL 1948, § 421.33).

7. SAME—CERTIORARI—REMAND FOR HEARING ON MERITS—FINAL ORDERS.

The issuance of a writ of certiorari by the circuit court to the appeal board of the unemployment compensation commission was in error, where the order of the appeal board remanded the matter to the referee for a hearing on the merits and taking of testimony as to plaintiff's eligibility for benefits, since the appeal board's order was not a final one (CL 1948, §§ 421.34, 421.35).

8. COSTS—PUBLIC QUESTION—UNEMPLOYMENT COMPENSATION.

No costs are allowed on appeal from erroneous granting of a writ of certiorari to appeal board of the unemployment compensation commission, where matter reviewed involved the determination of a public question (CL 1948, § 421.1 *et seq.*).

Appeal from Wayne; Murphy (George B.), J. Submitted April 13, 1950. (Docket No. 49, Calendar No. 44,711.) Decided September 11, 1950.

Certiorari by Violet Ashford to review order of the Appeal Board of the Unemployment Compensation Commission remanding her claim for compensation for purpose of taking further testimony. Order entered reversing order of appeal board and affirming referee's order. Defendant Kelsey-Hayes Wheel Company appeals. Reversed.

*Zwerdling & Zwerdling* (*A. L. Zwerdling,* of counsel), for plaintiff.

*Stephen J. Roth,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *George M. Bourgon,* Assistant Attorney General, for Unemployment Compensation Commission.

*Beman G. Neubeck,* for defendant Kelsey-Hayes Wheel Company.

*Amicus Curiae:*
*Beaumont, Smith & Harris* (*Frank E. Cooper,* of counsel), for Michigan Manufacturer's Unemployment Compensation Bureau, Inc.

DETHMERS, J. Plaintiff filed claim for unemployment compensation, was interviewed by an employee of the Michigan unemployment compensation commission, and one of its claims examiners made a determination and later a redetermination allowing the claim. Defendant Kelsey-Hayes Wheel Company, the employer, filed an appeal to referee before whom the plaintiff then appeared in person and the employer by attorney. All the papers contained in the commission's files up to that point relating to plaintiff's claim, consisting of plaintiff's application for compensation, registration for work card, copies of notices of the determination and redetermination

by the claims examiner, et cetera, were made part of the record by the referee over employer's objection that they did not constitute competent evidence or proof of plaintiff's eligibility for benefits. Employer's attorney then requested that either he be permitted to or that the referee question plaintiff as to her eligibility. Despite plaintiff's presence and expressed willingness to testify in her own behalf, the referee held that, because plaintiff was not represented by counsel, she might not be permitted to testify unless the employer called her for cross-examination under the statute* and agreed that her testimony should become the employer's testimony, binding upon the latter. Employer's counsel objected that he was not required to make plaintiff his witness or be bound by her answers. He contended that the burden was upon plaintiff to proceed to establish her claim by competent evidence. He offered no proofs in opposition to plaintiff's claim. The referee thereupon found for plaintiff, holding in effect that the file in the case, containing the above-mentioned papers which he had made a part of the record, made out a prima facie case for plaintiff and that the employer, because of failure to offer proofs in opposition, had failed to prosecute its appeal which should, therefore, be dismissed under section 33 of the act.† Employer appealed to the appeal board, which set aside the referee's decision and ordered the matter remanded to the referee for a hearing on the merits and taking of testimony as to plaintiff's eligibility for benefits. Plaintiff petitioned the circuit court for a writ of certiorari which was granted. The circuit court reversed the decision of the appeal board and affirmed the decision of the

---

* CL 1948, § 617.66 (Stat Ann § 27.915).—REPORTER.

† Michigan unemployment compensation act. PA 1936 (Ex Sess), No 1, as amended (CL 1948, § 421.1 *et seq.* [Stat Ann 1949 Cum Supp § 17.501 *et seq.*]).

referee, holding that the above noted papers in the file had established a prima facie case for plaintiff before the referee and, thus, imposed upon employer the burden of overcoming the same by competent proofs. In this the trial court erred.

In *Dwyer* v. *Unemployment Compensation Commission,* 321 Mich 178, we held that the burden of proof rests upon claimant to establish that he meets the conditions of eligibility for benefits. The commission says, however, that despite the burden of proof thus reposing upon the plaintiff, after a determination allowing the claim, the "burden of evidence" in proceedings before the referee rests upon the appealing employer; that the papers in the file in this case made out a prima facie case for plaintiff, and that, therefore, at the hearing before the referee the burden was upon the employer to proceed to "offset the plaintiff's prima facie case." Aside from all constitutional considerations, authority for such position, running counter to the rule in all ordinary court proceedings, must be found, if at all, in the statute. Accordingly, the commission and plaintiff point to the provisions of section 33 of the statute that "If any interested party requests a hearing before a referee on any determination * * * all proceedings in the matter shall be referred to a referee" and, further, that "If the appellant fails to appear or prosecute the appeal the referee may dismiss the proceedings." Never yet has it been thought that the effect contended for by the commission followed from the similar provisions of the statute relating to appeals from justices of the peace to circuit court (CL 1948, §§ 678.11, 678.12 [Stat Ann §§ 27.3491, 27.3492]; CL 1948, § 678.21a [Stat Ann 1949 Cum Supp § 27.3501(1)]). The mere requirement of the statute that in an appeal to the referee all proceedings in the matter shall be referred to him discloses no legislative intent that by such refer-

ence a prima facie case shall be deemed to have been established one way or the other. We discern in this statutory requirement nothing more than a legislative recognition that the papers in the files such as plaintiff's application, objections thereto, if any, and information obtained by the commission might serve to facilitate proceedings by apprising the referee and attorneys of the nature of and the claims made in connection with plaintiff's application and that these would undoubtedly aid in the examination of witnesses. Although the statute permits dismissing the appeal if it be not prosecuted by the appellant, it does not define what shall constitute the prosecution of an appeal. The statute does not provide nor disclose a legislative intent to lay down a statutory rule that in cases of employer appeals to referee the employer shall be held to have failed to prosecute its appeal unless it assumes the burden of the evidence and proceeds at the very outset to offer proofs in opposition to such allegations for the claimant as may appear in papers contained in the files of the case. In the instant case the employer was present by counsel who stated its position on the law, advanced its contentions as to the burden of proof, and objected to the referee's ruling that plaintiff might testify only as employer's witness. In so doing, the employer did prosecute its appeal and, in fact, did everything in that connection which it conceivably might have been expected to do consistent with its view of the law.

Nothing in the statute indicates an intention to establish a rule contrary to all ordinary court proceedings. Plaintiff filed a claim. Introduction of that claim or application into evidence did not operate to establish it. The claim does not prove itself. Neither do the determinations by claims examiners prove it. In the *Dwyer Case* we expressed our disapproval of "the contention that the mere filing of

a claim for benefits and thereafter registering and reporting for work at an employment office establishes that the claimant is 'available' for work." Plaintiff and the commission quote from *Clinton* v. *Hake,* 185 Tenn 476 (206 SW2d 889), the following:

"In the case before us no claimant offered any proof in behalf of his or her claim. They contented themselves with the statement of availability hereinbefore quoted. This statement is addressed to the Tennessee unemployment compensation division as a 'claim for benefits.' It is the first requisite step a claimant makes. On the basis of this claim, other requisites being present, the commissioner allows the claim. Presumptively the filing of this paper established the claim with the commissioners. After this claim is filed the commissioner more or less enters a *pro forma* allowance. Up to this point the allowance of the claim is to all intents and purposes an *ex parte* proceeding. When the company enters the picture by an appeal it then becomes necessary for the claimant to support this formal claim by some proof in addition to the statements made in the claim when the company offers proof of facts and circumstances that offset the weight given the statements made in the formal claim. We have heretofore held that the burden of proof rests upon the claimants. *Reese* v. *Hake,* 184 Tenn 423 (199 SW2d 569). This being true the general rule applicable to ordinary court proceedings applies, *i.e.,* the obligation of the claimants is to establish the truth of their claims by a preponderance of the evidence and that this obligation rests on them so long as they are asserting the affirmative of the issue involved."

While in that case the employer, as it happens, did introduce proofs tending to show plaintiff's ineligibility for benefits, we read the quoted portion of the Tennessee court's opinion as expressive of a view supporting the position of defendant employer herein rather than that of plaintiff.

Sections 34 and 35 of the unemployment compensation act expressly empower the appeal board to direct the taking of additional evidence. This the appeal board did here. It has not yet made a final determination of plaintiff's eligibility for benefits. Its order was not a final one. Under the circumstances the trial court's issuance of the writ of certiorari was in error despite the fact that, as urged by plaintiff, such course may have provided the only avenue to determination by this Court of an interesting legal question which might not otherwise have been reached, namely, whether the files before the referee made out a prima facie case for plaintiff.

The order of the trial court reversing the order of remand of the appeal board is reversed, without costs, a public question being involved.

BOYLES, C. J., and REID, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.