GENERAL MOTORS CORP., APPELLEE *v.* BAKER, APPELLEE;
BOARD OF REVIEW, BUREAU OF UNEMPLOYMENT
COMPENSATION, APPELLANT.

302

(No. 2167—Decided April 8, 1952.)

*Messrs. Cowden, Pfarrer & Crew* and *Mr. E. V. Gilliland,* for appellee General Motors Corporation.
*Mr. C. William O'Neill,* attorney general, *Mr. James W. Hardwick* and *Mr. Robert A. Clair,* for appellant.

WISEMAN, J. This is an appeal on questions of law by the Board of Review, Bureau of Unemployment Compensation, State of Ohio, from an order of the Common Pleas Court of Montgomery County, reversing and vacating a decision of the Board of Review which allowed unemployment compensation to Opal Edgar Baker, a resident of West Virginia.

Claimant, a native of West Virginia, during the period from April 24, 1947, to March 28, 1949, was employed by the General Motors Corporation, Frigidaire Division, located at Dayton, Ohio. On March 28, 1949, he was granted a leave of absence due to illness. He immediately returned to West Virginia where he still resides. Claimant made no effort to return to work at the Frigidaire after March 28, 1949.

On February 24, 1950, claimant filed a claim for benefits under the Ohio Unemployment Compensation Act through the Department of Employment Security of the state of West Virginia, naming the Frigidaire

as his last employer. The application by a nonresident is authorized by Section 1346-4, General Code. The application was forwarded to the Ohio administrator for determination, as required by Section 1346-4, General Code.

On April 17, 1950, the administrator allowed the claim. On April 19, 1950, Frigidaire filed its appeal to the Board of Review. On May 24, 1950, the Board of Review issued notice that an appeal had been filed as provided in Section 1346-4, General Code. On June 2, 1950, the Board of Review requested the Department of Employment Security, Board of Review of West Virginia, to assign a referee to hold a hearing near claimants' residence in the state of West Virginia and take his testimony in support of his claim. Under date of June 28, 1950, the Ohio Board of Review wrote the claimant advising him of the hearing in West Virginia, in order to afford him an opportunity to submit his evidence. He was advised to appear personally and offer his evidence and, also, to appear personally and submit his evidence at a hearing to be held in Ohio at a later date. Claimant did not appear at the hearing which took place in the state of West Virginia and offered no evidence in support of his claim. On August 2, 1950, the Ohio Board of Review notified claimant and the Frigidaire, advising them of a hearing at Dayton, Ohio, on August 14, 1950. Claimant failed to appear and no evidence was offered by him in support of his claim. The Frigidaire submitted evidence opposing the allowance of the claim. On October 3, 1950, the decision of the referee of the Ohio Board of Review affirmed the action of the administrator. An application for further appeal before the Board of Review was disallowed on December 26, 1950. On appeal to the Common Pleas Court the decision of the Board of Review was reversed.

The Common Pleas Court found that the claimant did not appear at any stage of the hearing before the referee; that claimant did not offer any evidence in support of his claim; that claimant did not sustain the burden of proof resting upon him; that the employer was not afforded a fair hearing as required by Section 1346-4, General Code; that the findings of the referee were contrary to the only evidence adduced; and that the decision of the referee was unlawful, unreasonable, against the manifest weight of the evidence, and contrary to the undisputed evidence adduced. The appellant claims that the Common Pleas Court erred in this ruling.

Under Section 1346-4, General Code, if the Common Pleas Court finds that the decision was ''unlawful, unreasonable, or against the manifest weight.of the evidence'' it is required to reverse and vacate the same. Thus, the finding of the Common Pleas Court complies with the statutory provision. The question for this court to determine is whether the judgment of the Common Pleas Court to the effect that the decision of the referee was unlawful, unreasonable and against the manifest weight of the evidence can be sustained.

The burden of proof rests on the claimant. *Shannon* v. *Bureau of Unemployment Compensation,* 155 Ohio St., 53, 97 N. E. (2d), 425. Did the claimant sustain the burden? The question presented is one of first impression. The courts in other jurisdictions have ruled that the filing of an application for benefits is not sufficient to sustain the burden resting on the claimant to prove his claim. *Huiet* v. *Schwob Mfg. Co.,* 196 Ga., 855, 27 S. E. (2d), 743; *Ashford* v. *Unemployment Compensation Commission,* 328 Mich., 428, 433, 43 N. W. (2d), 918. In the *Huiet case,* the court, on page 859, said:

"The second question in case No. 14653 relates to evidence, and is in effect whether, in the absence of other evidence, the applicant's act of registering for work and the signing and filing of a claim for unemployment benefits, in which the applicant states, 'I am unemployed, able to work and available for work and registered for work,' would be sufficient to authorize the commissioner of the Department of Labor to find that the applicant is 'able to work and available for work,' within the meaning of section 4, relating to eligibility. We answer this question in the negative. The filing of some kind of claim is essential to recovery of unemployment benefits, and the statements contained therein should be proved in some way."

In that case it was claimed that under the unemployment compensation act the commissioner, in the conduct of hearings and appeals, was not required to conform to the common-law or statutory rules of evidence and other technical rules of procedure. In commenting on this question, the court, on page 860, said:

"* * * it is insisted by the commissioner that under this provision such statements in an application for benefits may be treated as evidence, in determining the rights of the parties. We cannot agree that this is a proper interpretation of the quoted provision. Any such construction would render the provision unconstitutional as an attempt by the General Assembly to delegate its authority to declare by legislation what may be considered as evidence, whereas a statute should be construed consistently with the constitution if it can be reasonably so interpreted. * * * Accordingly, in our opinion, what this provision means, and all that it means, is that the department need not observe the niceties of pleading, or follow the technical rules as to method of producing and hearing evidence or the examination of witnesses. * * * It would not permit the

commissioner or any tribunal in the department to sanction as evidence something which clearly is not evidence, in that it is wholly without probative value, as the statements referred to by the Court of Appeals appear to be. Such statements alone would not authorize a finding that the applicant is 'able to work and is available for work,' within the purview of Section 4; and so, as we said above, question 2 in case No. 14653 must be answered in the negative.''

In the *Ashford case,* the court, on page 433, said:

''Nothing in the statute indicates an intention to establish a rule contrary to all ordinary court proceedings. Plaintiff filed a claim. Introduction of that claim or application into evidence did not operate to establish it. The claim does not prove itself. Neither do the determinations by claims examiners prove it. In the *Dwyer case* we expressed our disapproval of 'the contention that the mere filing of a claim for benefits and thereafter registering and reporting for work at an employment office establishes that the claimant is ''available'' for work.' ''

The reasoning and ruling in these two cases appeal to this court as both reasonable and logical.

The appellant to some extent rests its claim on the fact that the claimant satisfied the referee in the state of West Virginia. The finding of the referee in West Virginia has no legal effect. The referee in West Virginia was to take testimony and transmit it to the referee and Board of Review in Ohio, after which the decision is made by the Ohio authorities. The appellee herein contends that under Section 1346-4, General Code, a ''fair hearing'' must be accorded the parties by the referee, and that according to the record a fair hearing was not held. Appellee also points out that to implement the requirement of a fair hearing the Board of Review has adopted rules under Section

1346-3, General Code, and that these rules (Rules 905.1, 905.2, 905.3, and 964) contemplate the taking of sworn testimony and the examination and cross-examination of witnesses, which was not done in this case. The appellee contends that a hearing as contemplated by the statute and rules was not held in this case and cites in support thereof *Interstate Commerce Commission v. Louisville & Nashville Rd. Co.*, 227 U. S., 88, 57 L. Ed., 431, 33 S. Ct., 185; *Ohio Bell Telephone Co.* v. *Public Utilities Commission of Ohio,* 301 U. S., 292, 81 L. Ed., 1093, 57 S. Ct., 724; and *Morgan* v. *United States,* 304 U. S., 1, 82 L. Ed., 1129, 58 S. Ct., 773.

In the case of *Interstate Commerce Commission* v. *Louisville & Nashville Rd. Co.,* the court, on page 91, said:

"But the statute gave the right to a full hearing, and that conferred the privilege of introducing testimony, and at the same time imposed the duty of deciding in accordance with the facts proved. A finding without evidence is arbitrary and baseless."

In the *Ohio Bell Telephone case,* Justice Cardozo writing the opinion, on page 304, said:

"Regulatory commissions have been invested with broad powers within the sphere of duty assigned to them by law. Even in quasi-judicial proceedings their informed and expert judgment exacts and receives a proper deference from courts when it has been reached with due submission to constitutional restraints. * * * Indeed, much that they do within the realm of administrative discretion is exempt from supervision if those restraints have been obeyed. All the more insistent is the need, when power has been bestowed so freely, that the 'inexorable safeguard' * * * of a fair and open hearing be maintained in its integrity. * * * The right to such a hearing is one of 'the rudiments of fair play' * * * assured to every litigant by the Fourteenth

Amendment as a minimal requirement. * * * There can be no compromise on the footing of convenience or expediency, or because of a natural desire to be rid of harassing delay, when that minimal requirement has been neglected or ignored.''

In the *Morgan case,* Chief Justice Hughes wrote the opinion and, on page 19, said:

''Congress, in requiring a 'full hearing,' had regard to judicial standards,—not in any technical sense but with respect to those fundamental requirements of fairness which are of the essence of due process in a proceeding of a judicial nature.''

The court in continuing the discussion on page 22 said:

''The maintenance of proper standards on the part of administrative agencies in the performance of their quasi-judicial functions is of the highest importance and in no way cripples or embarrasses the exercise of their appropriate authority. On the contrary, it is in their manifest interest. For, as we said at the outset, if these multiplying agencies deemed to be necessary in our complex society are to serve the purposes for which they are created and endowed with vast powers, they must accredit themselves by acting in accordance with the cherished judicial tradition embodying the basic concepts of fair play.''

We are of the opinion that the provision in Section 1346-4, General Code, providing for a ''fair hearing'' contemplates the taking of sworn testimony with the right of cross-examination assured to the adverse party and the rendering of findings of fact supported by the evidence. When an administrative officer acts without regard to the evidence, after holding what purports to be a hearing, but which in actuality is no hearing at all, it cannot be said that the parties have had a ''fair hearing'' within the meaning of the statute.

A finding without evidence to support it is arbitrary and unlawful.

The appellee contends that due process of law was not accorded the employer. Although proper notice of a hearing was given and an opportunity afforded to present evidence, there were certain requirements of due process which were not adhered to. The record discloses not only a denial of due process of law, but, also, a failure of proof.

Reverting to the original question, this court specifically holds that the mere filing of a claim for benefits carries with it no presumption of its validity. No evidence was presented by the claimant in support of the claim at either hearing. There was no competent evidence adduced to support the finding of the referee. The decision of the referee was unlawful, unreasonable and against the manifest weight of the evidence, and no prejudicial error was committed by the Common Pleas Court in reversing the decisions of the referee and the Board of Review.

As we find no error in the record prejudicial to the rights of the appellant, the judgment is affirmed.

*Judgment affirmed.*

HORNBECK, P. J., and MILLER, J., concur.