Leila M. NORMENT, Plaintiff,

v.

Oveta Culp HOBBY, as Secretary of
Health, Education and Welfare,
Defendant.

Civ. No. 7195.

United States District Court,
N. D. Alabama, S. D.

Sept. 18, 1953.

Frank I. Bowie, Birmingham, Ala., for plaintiff.

John D. Hill, U. S. Atty., and R. Clifford Fulford, Asst. U. S. Atty., Birmingham, Ala., for defendant.

LYNNE, Chief Judge.

This cause came on to be heard on defendant's motion for summary judgment, and is an action under section 205(g) of the Social Security Act, as amended (hereinafter referred to as the Act), 42 U.S.C.A. § 405(g), which provides for judicial review of a "final decision" of the Federal Security Administrator (now Secretary of Health, Education and Welfare) [1].

On July 30, 1952, plaintiff filed with the Bureau of Old-Age and Survivors Insurance of the Social Security Administration an application for old-age insurance benefits, alleging that she performed domestic services as an employee of her sister, Susie N. Jones, from January 1, 1951, through June 30, 1952. A determination of disallowance of plaintiff's claim was made by the Bureau on August 12, 1952, and plaintiff was notified of such determination by letter dated August 15, 1952. Dissatisfied with the Bureau's determination, on August 18, 1952, plaintiff requested a hearing before a referee of the Social Security Administration. Such a hearing was held at Birmingham, Alabama, on October 16, 1952, at which plaintiff and her sister were present and participated, and on October 27, 1952, the referee rendered a decision affirming the Bureau's determination. The decision of the referee was that plaintiff is not entitled to the "old-age insurance benefits" provided by section 202(a) of the Act, 42 U.S.C.A. § 402(a), for which she had applied, for the reason that plaintiff, who needed six quarters of coverage to be "a fully insured individual" and who claimed that she acquired such quarters of coverage in the performance of domestic services for her sister with whom she lived, did not have any "quarter of coverage" within the meaning of section 213(a) (2) (B) of the Act, 42 U.S.C.A. § 413(a) (2) (B), and, therefore, was not a "fully insured individual" within the meaning of such term as defined in section 214(a) (2) of the Act, 42 U.S.C.A. § 414(a) (2).

■ Plaintiff requested the Appeals Council to review the decision of the referee. On December 11, 1952, the Appeals Council denied such request for review, and thereupon, under the regulations and practice of the Social Security Administration, the referee's decision became a "final decision of the Administrator" within the meaning of section 205(g) of the Act, 42 U.S.C.A. § 405(g).

Section 202(a) of the Social Security Act, as amended, 42 U.S.C.A. § 402(a), provides for "old-age insurance benefits" for every individual who "(1) is a fully insured individual" and who meets other conditions not at issue in this case.

Section 214(a) (2) of the Act, 42 U.S.C.A. § 414(a) (2), defines the term "fully insured individual" to mean, so far as pertinent to this case, a person who had not less than six quarters of coverage. Section 213(a) of the Act, 42 U.S.C.A. § 413(a), defines the term "quarter of coverage" as meaning, so far as pertinent here, a period of three calendar months ending on March 31, June 30, September 30, or December 31, "in which the individual has been paid $50 or more in wages."

■ The Court finds that the decision of the referee is correct; that no employer-employee relationship existed between the plaintiff's sister, Susie N. Jones, and the plaintiff, with respect to such services as the plaintiff may have performed in the home of her sister, beginning January 1, 1951, and ending June 30, 1952, which would give plaintiff a "fully insured" status. It was found that they lived together during this period, as they had done for many years prior thereto, in a sisterly relationship based on mutual love and affection, the plaintiff performing such of the household services as her age and her frailty permitted, and the sister furnishing plaintiff with the necessities of life. The referee resolved the main issue (of fact) by his finding that an employer-employee relationship has not existed between the sisters. Accordingly, he held that plaintiff was not entitled to benefits under the Act because the amount of $51 reported by Susie Jones as having been paid to plaintiff in each of six calendar quarters after 1950 did not constitute "wages" so as to give plaintiff a "fully insured" status.

Prior to 1951 the order of affairs in the household in which plaintiff and her sister resided together since 1934 was that Susie Jones was head of the household and responsible for maintaining the home out of her earnings, including the payment of all its expenses and the sup-

port of plaintiff without contribution or reimbursement from plaintiff; that Susie Jones ever since 1943 has claimed plaintiff as a dependent for income tax purposes; and that plaintiff kept the house and performed, without salary, general housekeeping, cooking, cleaning, washing and ironing. During this time plaintiff's only income was from rents of about $16 or $17 a month which she used to pay for clothes, medical expenses and gifts.

This general order of living did not change after 1950 and plaintiff, according to her sister's testimony, continued to be wholly dependent upon her sister. The only respect in which specific changes are alleged are that, beginning in 1951, plaintiff assumed added duties and began to receive monthly payments from her sister in "January 1951" averaging $17 a month but only for the alleged added duties, doing the laundry, ironing and mending. Significantly, however, the plaintiff, starting with the month of February, 1951, lost her average rental income of $16 or $17 a month from her properties because of their condemnation, and on July 6, 1951, deeded her properties to her sister, Susie Jones, for consideration stated to be $1 cash and love and affection.

Moreover, since Mrs. Jones' testimony further shows that the income plaintiff had been receiving from those properties was used to pay for her clothes, medical expenses and gifts, it would seem obvious that it would have been incumbent upon Mrs. Jones, after the plaintiff's

properties were condemned, to provide in some manner for the clothes and medical expenses of the plaintiff, who admittedly was fully dependent upon her. It can reasonably be inferred from this also that the sister's payments to the plaintiff of approximately the same amount of the rentals which the plaintiff had previously derived from the properties she had deeded to her sister were intended as compensation for the transfer of the properties.

■ It is a well-established rule that the burden of proof rests upon one who files a claim with an administrative agency to establish that the required conditions of eligibility have been met.[2]

■ As previously pointed out, the jurisdiction of the court in this case is based upon section 205(g) of the Act, 42 U.S.C.A. § 405(g), which contains the provision that, "The findings of the Administrator as to any fact, if supported by substantial evidence, shall be conclusive * * *."

The findings of the referee, which constitute the findings of the Federal Security Administrator, are supported by substantial evidence and are conclusive.[3]

It is, accordingly, Ordered, Adjudged and Decreed that defendant's motion for summary judgment be and it hereby is sustained, and that the decision of the referee, upon the pleadings and transcript of the record before the court, and the briefs filed in behalf of the parties, be and the same is hereby affirmed.

---

2. Eschbach v. Contractors, Pacific Naval Air Bases, 7 Cir., 1950, 181 F.2d 860, 864; Ashford v. Appeal Bd., 1950, 328 Mich. 428, 43 N.W.2d 918; Dept. of Industrial Relations, v. Tomlinson, 1948, 251 Ala. 144, 36 So.2d 496, 497, in which the Alabama Supreme Court held, and cited a number of decisions by courts of other states also holding, that a claimant under a state unemployment compensation law has the burden of proof to establish his right to benefits, and that "the claimant assumes the risk of nonpersuasion."

3. Walker v. Altmeyer, 2 Cir., 1943, 137 F.2d 531; United States v. LaLone, 9 Cir., 1945, 152 F.2d 43; Social Security Board v. Warren, 8 Cir., 1944, 142 F.2d 974; Schmidt v. Ewing, D.C.Pa.1952, 108 F.Supp. 505; Rambin v. Ewing, D.C.La.1952, 106 F.Supp. 268.