Elizabeth M. MURRAY, Plaintiff,

v.

Marion B. FOLSOM, Secretary of the Department of Health, Education and Welfare, Defendant.

Civ. A. No. 988.

United States District Court
District of Columbia.

Jan. 11, 1957.

Herbert S. Thatcher and Donald M. Murtha, Washington, D. C., for plaintiff.

Oliver Gasch, U. S. Atty., and Edward P. Troxell, Frank H. Strickler and Kitty Blair Frank, Asst. U. S. Attys., Washington, D. C., for defendant.

MORRIS, District Judge.

This action was brought to review a decision of the Secretary of Health, Education and Welfare to the effect that the plaintiff was not entitled to receive old age insurance under the provisions of the Social Security Act, as amended, 42 U.S.C.A. § 301 et seq. The claim of the plaintiff was disallowed September 7, 1954, following which the plaintiff appealed to the Referee, who denied her claim, and on September 15, 1955, the Appeals Council affirmed the decision of the Referee.

Certain facts are not disputed. The plaintiff lived with her brother following the death of their parents and did all of the domestic work, with the exception of certain work done by a woman, who for a relatively short time came in one day a week, the brother paying all of the expenses of the operation of the household and contributing such funds as were needed by the plaintiff. Upon the amendment of the Social Security Act in 1951, providing for the coverage of domestic servants, after conference with representatives of the Social Security Agency and with the Internal Revenue Bureau in Chicago, where the parties resided, and being informed that the law did not preclude a sister from being a domestic servant for her brother, the brother made an agreement with his sister to pay her $100 a month for her services in addition to room and board, which agreement continued in force until the date of the brother's death in 1954. During that latter period the brother ceased to claim exemption for the sister as a dependent in his income tax return, and the plaintiff sister paid income tax on $1,200 a year, alleged to have been received from her brother. It also is not disputed that during such period Social Security taxes were paid in the required amount by the brother on the basis of such employment of his sister. Notwithstanding these facts, the administrative holding here sought to be reviewed is that no bona fide relationship of employer and employee existed, and that the relationship was in effect the same as that prior to the alleged agreement in 1951, wherein, as brother and sister, each contributed to the maintenance of the household by reason of such relationship, and not as employer and employee.

The testimony of the plaintiff before the Appeals Council was indeed somewhat vague respecting the time and amount of payments made by the brother to her, though she did emphatically state that she received $100 per month in addition to room and board in the household. The nature of the duties performed by the plaintiff in the household were substantially the same before and after the agreement, though she testified to certain slight differences. Unquestionably the law does not preclude the employment by a brother of his sister as a domestic servant, but, of course, that does not preclude the administrative agency from giving consideration to such relationship and the similarity of duties before and after the alleged agreement of employment in determining the existence and bona fides of the alleged relationship of employer and employee, and this is precisely what the administrative agency here has done, reaching the conclusion that such relationship did not actually exist.

I cannot say, in the light of the examination of the record, that this conclusion is arbitrary and capricious and unsupported by substantial evidence in the case. As to the function of this Court in that regard, I am in agreement with the conclusion of the Court in Thurston v. Hobby, D.C.W.D.Mo., 133 F.Supp. 205, at page 209:

"The decision of this Court depends upon whether the inference and conclusion reached by the Appeals Council is one which legally and logically might be concluded from the record made. Such determination of the Appeals Council will not be set aside by the courts if there is any legal basis therefor and the conclusion reached by the Appeals Council is a permissible one from facts in the record, even though upon a consideration of all the evidence this Court might have reached a different conclusion. It is axiomatic in a proceeding such as this, that we are not authorized to substitute our own for that of the administrative judgment. Swayne & Hoyt, Ltd. v. United States, 300 U.S. 297, 304, 57 S.Ct. 478, 81 L.Ed. 659. It must also be kept in mind that 'although we have here no dispute as to the evidentiary facts, that does not permit (this) court to substitute its judgment for that of the' Appeals Council. Gray v. Powell, 314 U.S. 402, 412, 62 S.Ct. 326, 86 L.Ed. 301.

"A rule of adjective law is that uncontroverted evidence is not necessarily conclusive of the existence of fact if analysis of surrounding circumstances leaves the mind in a state of conjecture; under such circumstances its weight and credibility are left to the trier of the facts. Cf. Spiro State Bank v. Bankers' Nat. Life Ins. Co., 8 Cir., 69 F.2d 185; Reiss v. Reardon, 8 Cir., 18 F. 2d 200; Allen v. Collins, 8 Cir., 52 F.2d 708. Uncontradicted testimony need not be accepted by a trier of facts as true, where there is something in the evidence or in the tale, itself, which furnishes a basis for discrediting it because of its inherent improbabilities. Therefore, in the instant review proceeding, it would appear that if the inference and conclusions reached by the Appeals Council are permissible ones on the record made, we have no duty other than to affirm it, even though we might have reached a different conclusion if it had been submitted to us in an original proceeding."

In this view, summary judgment for the plaintiff must be denied, and summary judgment for the defendant must be granted.

Counsel will prepare an appropriate order carrying this decision into effect.