Anna M. SHERRICK, Plaintiff-Appellee,

v.

Abraham A. RIBICOFF, Secretary of
Health, Education and Welfare,
Defendant-Appellant.

No. 13553.

United States Court of Appeals
Seventh Circuit.

April 3, 1962.

John G. Laughlin, Pauline B. Heller,
Attys., Dept. of Justice, Washington,
D. C., William H. Orrick, Jr., Asst. Atty.
Gen., Kenneth C. Raub, U. S. Atty., for
appellant.

J. Frederick Hoffman, Lafayette, Ind.,
for appellee.

Before HASTINGS, Chief Judge, and
KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

This action was brought under Section
205(g) of the Social Security Act, 42
U.S.C.A. § 405(g) to review a decision of
the Secretary of Health, Education and
Welfare. The Secretary had held that
the plaintiff was not entitled to old-age
insurance benefits because she did not
perform service as an "employee" and
was not paid "wages". The district
court granted summary judgment in fa-
vor of the plaintiff.

The record discloses that the plaintiff
was born in 1882, widowed in 1934, lived
alone until 1942, and had never worked
for wages. She and her alleged employ-
er, a Mrs. Lowe, had been close personal
friends for over fifty years. After Mrs.
Lowe became widowed plaintiff took up
residence with her. They shared house-
hold tasks. Mrs. Lowe paid all the ex-
penses except plaintiff's personal ex-
penses for clothes, medical care and en-
tertainment. There was no arrangement
for a specific remuneration, salary or
wages. During Mrs. Lowe's lifetime no
wages were paid and no returns were
filed. Plaintiff had no social security
number. During the last two years of
Mrs. Lowe's life she was ill and plaintiff
assumed more of the household tasks.
Mrs. Lowe died on October 29, 1955, leav-
ing $6,000 to plaintiff in her will. In the
summer of 1956, plaintiff filed a claim
against the estate of Mrs. Lowe, claiming
$24,700.00 for her services to Mrs. Lowe
for the period from 1942 to 1955. This

claim was disallowed. Subsequently, under a compromise settlement between plaintiff and the executor of Mrs. Lowe's estate plaintiff-appellee was paid $4,-000.08 in six equal consecutive, quarterly installments beginning with the third quarter of 1956 and ending with the last quarter of 1957. The agreement stated that the payments covered the two years immediately preceding the death of Mrs. Lowe.

On April 30, 1958 plaintiff filed an application for old-age insurance benefits with the Bureau of Old-Age & Survivors Insurance of the Social Security Administration, alleging employment with Mrs. Lowe from 1942 to 1955. On June 25, 1958 the Bureau of Old-Age & Survivors Insurance notified the plaintiff "you have no quarters of coverage" and "it is determined that an employer-employee relationship did not exist between you and Mrs. Grace Lowe." Plaintiff then requested a hearing before a hearing examiner. A hearing was had and it was determined by the hearing examiner that plaintiff was not entitled to any benefits. Plaintiff then requested a review by the Appeals Council which was denied. The decision of the Secretary of Health, Education and Welfare became final. Plaintiff then filed a complaint in the district court and the district court held that the $4,000.08 compromise settlement represented wages for employment as a maid or housekeeper and nurse during the last two years of Mrs. Lowe's life.

■ The principal question in this appeal is whether the findings of the Secretary of Health, Education and Welfare are supported by substantial evidence. The social security law expressly provides in Section 205(g), that the "findings of the Administrator as to any fact, if supported by substantial evidence, shall be conclusive". This finality attaches not only to the findings themselves, but also to the inferences and conclusions drawn from the facts. Carqueville v. Flemming, 7 Cir., 263 F.2d 875; Rosewall v. Folsom, 7 Cir., 239 F.2d 724.

■ The undisputed facts, all of which were supplied by or on behalf of the plaintiff, support the conclusion that Mrs. Sherrick was not an "employee" and that her services were rendered on the basis of friendship and mutual companionship and not on the basis of a paid employer-employee relationship.

At the hearing before the hearing examiner claimant was asked the question:

Q. "Now you mentioned before Mrs. Sherrick that you and Grace discussed social security, now what was your understanding at that time about social security, did you believe that what you were doing was covered by social security?"

A. "No, I knew it wasn't."

Other facts to consider are the advanced age of the claimant at the date of the alleged employment (70 years), her history of non-employment, and the lack of any arrangements for wages during the lifetime of the alleged employer. The record as a whole supports the Secretary's conclusion.

In any event as trier of fact, invested with the function of evaluating the evidence and drawing inferences therefrom, the administrator was justified in concluding that plaintiff had failed to show that she was a wage earner. We cannot make our own appraisal of the evidence.

Section 205(g) of the Act expressly makes the Secretary's findings conclusive if supported by substantial evidence. Also the finality accorded by Section 205(g) to the administrative findings extends as well to the inferences made by the Secretary if a substantial basis for them appears in the record. United States v. Lalone, 9 Cir., 152 F.2d 43, 44.

We hold that there is substantial evidence in the record to support the Secretary's findings and the inferences which he drew therefrom.

The disallowance of plaintiff's claim should not have been reversed. The judgment of the district court is reversed.

Reversed.