**Daisy S. CARDWELL**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare.**

**Civ. A. No. 5155.**

United States District Court
E. D. Tennessee, N. D.

April 1, 1965.

Charles D. Susano, Jr., Knoxville, Tenn., for petitioner.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., for respondent.

ROBERT L. TAYLOR, Chief Judge.

The claimant, Daisy S. Cardwell, brings this action against the Secretary to obtain a review of his "final decision" acting through the Appeals Council, disallowing her claim for old-age benefits under the Social Security Act. (Title 42 U.S.C. § 402(a)).

The record discloses that Miss Cardwell, who was born August 29, 1897, was 66 years old when her corrected Application for Old-Age Insurance Benefits was filed and almost 67 at the time of the hearing before the Examiner. Her application named her brother-in-law Trolen Needham as her employer and that her employment as a domestic which began in October, 1962 was continuing. Her work record indicated that she had earned three quarters in 1959 and it was her claim that her work for her brother-in-law entitled her to the eight quarters at issue creditable to her account.

The claim was disallowed by the Bureau on the ground that no employer-employee relationship existed between claimant and her brother-in-law and that the moneys she had received did not constitute "wages" under the Act. Her hearing on appeal from the Bureau's ruling was heard before an Examiner on June 16, 1964. On June 29, he filed his decision rejecting her claim for the reason "that the remuneration received by the claimant from Mr. Needham for services rendered in their home beginning with the month of May 1962 was not in covered employment nor creditable wages for social security purposes." His decision became the "final decision" of the Secretary on September 29, 1964 when the Appeals Council refused to review the Referee's decision.

If the Court were trying this case "de novo" it might well have reached a different conclusion. Although claimant lived for many years simply as a member of the household of her sister and brother-in-law, and participated in the household duties and assumed many of them during the period when they both worked, the arrangement at that time hardly constituted an employer-employee relationship.

This situation changed materially when the sister became both a physical and mental invalid, requiring almost constant attention and when the brother-in-law became incapacitated because of a severe foot injury incurred in an industrial accident. In this circumstance, the family of two needed sustained care and it would have cost them dearly to have had to pay a stranger for the work and attention supplied by claimant. In token of this change in circumstances, Mr. Needham ceased to carry her as a dependent on his income tax return for 1962, the last year he was employed. At that time he was advised by Family Welfare at the City Hall that claimant could turn payments made to her into wages and turn that into social security and he paid taxes on wages of about $8.50 a week and attempted to qualify her under social security.

The sole question is whether a genuine employer-employee relationship existed between claimant and her brother-in-law.

**330**

The Court recognizes that the arrangement between claimant and her brother-in-law during his incapacity and that of her sister was an informal one, but it seems a distortion of the purposes of the Act to exclude her from the Old-Age Benefits simply because attentions which went far beyond the call of duty because of the family relationship and affection were not formalized in an unmistakable employer-employee contract, thus depriving her of old-age protection and placing her in the humiliating category of a pauper—when the same services rendered to strangers might well have entitled her to the security she sought and the respectability which was her due.

 Having said this, the Court also recognizes that its discretion in a review of the decision of the Secretary through the Appeals Council is a limited one and that it must accept the Secretary's findings if supported by substantial evidence. Domanski v. Celebrezze, 323 F.2d 882, 887 (C.A. 6). It freely concedes that there were informalities about the relationship between claimant and her brother-in-law and that contrary inferences may readily be drawn therefrom. These factors were: that there was no written agreement between the two; that claimant proceeded to perform the household and nursing tasks with almost no instructions or supervision from him; that the Social Security Administration was told (perhaps innocently) that claimant received $25.00 per week, when the amount she received averaged only $8.00 per week; and that this latter amount was paid with considerable irregularity. The Court concedes that an opposite inference could be drawn from such facts and that the Secretary and Appeals Council having drawn them, it is bound by them even though its own feeling is that the intent of the Act and perhaps its letter were tortured by the decision.

 The Court concludes that it has jurisdiction of the parties and subject matter and that it cannot substitute its judgment for that of the Secretary. Domanski v. Celebrezze, supra; McGrew v. Hobby, 129 F.Supp. 627 (D.C.Kansas);

Murray v. Folsom, 147 F.Supp. 298 (D.C. D. of C.); Irvin v. Hobby, 131 F.Supp. 851 (D.C.Iowa); Norment v. Hobby, 124 F.Supp. 489 (D.C.Ala.). The record indicates that claimant had a full and fair administrative hearing and that there is substantial evidence to support the administrative findings and conclusions. In such case it has no alternative but to affirm the ruling. Domanski v. Celebrezze, supra; Sherrick v. Ribicoff, 300 F.2d 494 (C.A. 7); Barron v. Ribicoff, 295 F.2d 432 (C.A. 4).

The motion of the Government for a summary judgment is sustained and that of the claimant is denied. The conclusion of the Appeals Council as based upon the Examiner's decision is affirmed.