**Kathleen BULLOCK, Appellant,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Appellee.**

**No. 10305.**

United States Court of Appeals
Fourth Circuit.

Argued April 8, 1966.

Decided May 6, 1966.

Jay M. Ball, Norfolk, Va., for appellant.

William T. Mason, Jr., Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BOREMAN, Circuit Judge, and BARKSDALE, District Judge.

PER CURIAM:

This claimant for Social Security benefits appeals from an adverse decision premised upon the absence of coverage.

For many years the claimant has kept house for her bachelor brother. He supplied all the funds with which she ran the household and procured her personal necessities. On his income tax returns, he claimed her as a dependent and took a deduction on that account. Solely for the purpose of qualifying her for benefits under the Social Security Act, the financial arrangement between brother and sister was altered, so that he periodically gave her a check denominated wages. Thereafter, the Social Security taxes were paid, and the brother ceased claiming her as a dependent upon his income tax returns.

Benefits were denied on the basis of a finding that there was no bona fide employment relationship. That finding is supported by the fact that there was no change whatever in the substantive relationship between the parties or in the domestic duties the claimant performed. The brother frankly conceded that it was hardly conceivable that he would discharge his sister whatever she did or did not do, and it is plainly inferable that he would continue the financial burden of her entire support if she became totally disabled from performing any domestic duties whatever.

In the absence of any substantive change in the longstanding relationship between claimant and her brother, we do

not think the change in the label the parties applied to the funds which the brother advanced for his sister's support and the operation of the household required a finding that a bona fide relationship of employer and employee had been created. See Sabbagha v. Celebrezze, 4 Cir., 345 F.2d 509; Murray v. Folsom, D.C.D.C., 147 F.Supp. 298; Thurston v. Hobby, W.D.Mo., 133 F. Supp. 205; Norment v. Hobby, D.C. M.D., 124 F.Supp. 489.

Affirmed.