**Edwin N. RAUSCH, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education, and Welfare, Defendant.**

**No. 65–C–159.**

United States District Court
E. D. Wisconsin.

April 18, 1967.

Gregory Gramling, Jr., Milwaukee, Wis., for plaintiff.

Thomas E. Weil, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

## OPINION

MYRON L. GORDON, District Judge.

The plaintiff seeks review of a determination by the Secretary of Health, Education and Welfare who denied to the plaintiff credit for income which he contends inured to him as a result of his ownership interest in a farm in Colorado.

The Department of Health, Education and Welfare conducted a hearing on the claim on October 9, 1964, at which time testimony was taken from Mr. Rausch, his wife and an accountant. It is con-

tended that a rehearing is necessary in order to recompute Mr. Rausch's old age insurance benefits because the Secretary incorrectly failed to attribute the income from the farm to Mr. Rausch's social security account.

Mr. Rausch also urges that the hearing examiner, Robert Doyle, did not afford the applicant a fair hearing.

The Secretary has formally moved for summary judgment and the plaintiff has made oral application for similar judgment in behalf of the plaintiff.

### Was There a Fair Hearing?

The hearing examiner apparently sought to put the claimant at ease by assuring him that he, the examiner, would be entirely impartial and would attempt to bring out all relevant information. The examiner stated as follows:

"HEARING EXAMINER: Let me say this—maybe I can ease your mind. In 99% of the cases, people come in without any representation. It is my job to represent those people when they come in. It seems strange, but we use the terminology that we 'wear three hats.' We put on the first hat, and we represent the claimant, we present all the testimony on his behalf, and drag it out of him by questioning. We then represent the government, the Social Security Administration, and search the law—that's the second hat. We search our minds, and we search whatever other records are available, we search the evidence, and we present the best case that the government has. Then we turn around and put on the third hat, and we decide which evidence is most favorable, and in whose behalf. I could show you records, and they probably have them here, where in many instances we find the case we put on for the claimant is better than the case the government has, and we hold for the claimant. If it were otherwise, those same records would show all hearings are decided in favor of the government, which is not true. In fact, the records would probably show the preponder-

ance of the decisions are in favor of the claimant. In other words, the Hearing Examiner has put on a better case for the claimant than was available for the Social Security Administration. As far as being involved in technicalities here, I'm afraid I'll have to disagree with you, but I'll put it to you this way: if at any time during the course of this hearing you feel we are straying afar and getting technical, as you put it, then I would suggest that you make a motion for a continuance. In that event I will give it a great deal of consideration, or I will try to change the whole line of questioning. But I have confidence in myself, and confidence in you that you will find this a most enjoyable hearing, and you will find the answers will come in an orderly fashion. You will find I conduct a hearing in a business-like manner, and that one answer will lead to a question, and the question will lead to an answer, and so on. I've heard many hearings. The last group of individuals who just left said they didn't know they could remember so much—that they were going to tell me so much. That is done by expertise in questioning. If at any time you should decide we should proceed, but if you feel that the questions become difficult to answer, or for some reason your memory fails you and you feel you need preparation, you may make a motion for continuance, and I will entertain it.

"CLAIMANT: That sounds fair.

"HEARING EXAMINER: I can only impress upon you again, I only want to be fair. I'm not trying to catch anyone by surprise. Actually, I think this is a simple case."

 In the court's opinion, the examiner's comments concerning the three hats which he wears did not destroy the fairness of the proceedings. At worst, the examiner's statements may have been somewhat self-righteous.

 Mr. Rausch also charges that the hearing examiner created a hostile atmosphere by his references to perjury. The

subject of perjury did not arise by way of a threat to Mr. Rausch; rather, it arose because of Mr. Rausch's desire during his interrogation to consult with his accountant. The hearing examiner denied such request, indicating that he wanted to have Mr. Rausch's recollection and not that of the accountant. He went on to explain that if the answers came from Mr. Rausch via his accountant, and such answers were false, which of them (the examiner asked) would be the one guilty of perjury?

In the court's opinion, the discussion of perjury did not prejudice Mr. Rausch's right to a fair trial.

### Are the Findings Supported by Substantial Evidence?

Sec. 405(g) of Title 42, U.S.C.A. provides that the findings of the secretary as to any fact are conclusive if they are supported by substantial evidence. Carqueville v. Flemming, 263 F.2d 875 (7 Cir., 1959); Minton v. Celebrezze, 318 F.2d 429 (7 Cir., 1963).

■ Since he was not a tenant on the farm, Mr. Rausch was not entitled to have any self-employment income credited to him therefrom under Sec. 411(a) unless he held an ownership interest in the farm. The only evidence suggesting such an interest is found at page 214 of the record wherein Mrs. Rausch asserts in a statement that she and her brother inherited the farm in 1945; in 1951, a division was made between Mrs. Rausch and her brother, and the "cash difference was paid by my husband." There is no showing as to how much Mr. Rausch paid or as to what interest it gave him in the farm.

■ All of the other proof in this case demonstrates that Mr. Rausch exercised various duties regarding the farm, but such activities do not contradict the Department's findings. See Hoffman v. Ribicoff, 305 F.2d 1, 6 (8th Cir. 1962). In the *Hoffman Case* the court said:

"Where an administrative agency is charged with applying general statutory language to a concrete factual situation, the courts will not disturb the conclusion reached by the agency if there is a rational basis in the record therefor."

■ In Sherrick v. Ribicoff, 300 F.2d 494 (7th Cir. 1962), the court pointed out that the finality of the secretary's findings, if supported by substantial evidence, also applies to the inferences and conclusions drawn from the facts."

■ The court is of the opinion that there is substantial evidence supporting the administrative findings in this case. In addition, the court concludes that the applicant was not denied a fair hearing. The defendant is therefore entitled to an order granting its application for summary judgment. The defendant's counsel may present an appropriate order for signature after first submitting the same to plaintiff's counsel.