Appellant, Administrator, Ohio Bureau of Employment Services, appeals from the March 6, 2000, Judgment Entry of the Knox County Court of Common Pleas which reversed and remanded a decision of the Unemployment Compensation Review Commission. Appellee is Jeff Cottrell.
 STATEMENT OF THE FACTS AND CASE
Appellee Jeff Cottrell [hereinafter appellee] is a former employee of Wolfking, Inc. [hereinafter Wolfking]. Wolfking terminated appellee's employment based upon allegations of excessive tardiness and appellee's involvement in altercations with other employees. Upon his termination, appellee applied for unemployment benefits. On July 21, 1999, the Ohio Bureau of Employment Services issued a determination of benefits, which disallowed appellee's claim due to his discharge from Wolfking for just cause due to excessive absences or tardiness. Appellee filed a timely request for reconsideration, but the decision was affirmed. Appellee filed a timely appeal, in which the main issue was whether the discharge by Wolfking was with or without just cause in connection with his work. An in-person hearing was set for August 20, 1999, before the Unemployment Compensation Review Commission [hereinafter Commission]. In contemplation of that hearing, appellee subpoenaed the records custodian for Wolfking seeking employer log books containing disciplinary actions taken against any employee from June, 1997, through August, 1999. Appellee subpoenaed three individuals as witnesses. At the hearing, only two witnesses testified: Larry A. Woodruff, appellee's former supervisor at Wolfking, and appellee. The hearing officer did not permit appellee to present the testimony of any other witness. The hearing officer, in a decision mailed August 27, 1999, found that appellee was discharged from Wolfking for excessive tardiness and threatening a fellow employee and, therefore, was discharged for just cause in connection with work. Appellee filed a timely appeal of that decision in the Knox County Court of Common Pleas. On March 6, 2000, the trial court issued a Judgment Entry which reversed and remanded the decision of the Review Commission on the grounds that appellee was not provided a fair hearing when the hearing officer refused to allow appellee to present his subpoenaed witnesses. It is from the trial court's March 6, 2000, Judgment Entry that appellant appeals, raising the following assignment of error:
 THE KNOX COUNTY COURT OF COMMON PLEAS ERRED IN REVERSING THE OHIO UNEMPLOYMENT COMPENSATION REVIEW COMMISSION'S DECISION THAT JEFF COTTRELL WAS NOT ENTITLED TO UNEMPLOYMENT COMPENSATION BENEFITS.
In the sole assignment of error, appellant argues that the Commission's decision that appellant was discharged with just cause was not unlawful, unreasonable or against the manifest weight of the evidence. We disagree. An appellate court may reverse the Unemployment Compensation Board of Review's "just cause" determination if it is unlawful, unreasonable or against the manifest weight of the evidence. R.C.4141.28(O)(1); Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Serv. (1995), 73 Ohio St.3d 694, 653 N.E.2d 1207, syllabus. This same standard of review is shared by all reviewing courts, from common pleas courts to the Supreme Court of Ohio. Tzangas, 73 Ohio St.3d at 696. Therefore, we are to review the Commission's decision in the case sub judice and determine whether it is unlawful, unreasonable, or against the manifest weight of the evidence. In the case sub judice, appellee appealed the decision of the Commission to the Knox County Court of Common Pleas arguing, in essence, that the hearing was unfair, including an argument that he was denied his ability to present his witnesses. The trial court held that appellee had not received a fair hearing and reversed and remanded the matter to the Commission. The trial court found that the hearing officer refused to allow appellee to call his witnesses, whom at least arguably, would have supported appellee's position that there was no company policy regarding tardiness and, therefore, the termination of employment was without just cause. Appellant, in appeal of the trial court's decision, argues that (1) appellee was discharged for just cause; (2) appellee received a fair hearing; and (3) appellee was not entitled to benefits for the week ending June 19, 1999, because his severance pay exceeded the weekly benefit amount for that week. Appellee continues to argue, as he did before the trial court, that he was not provided a fair hearing. We agree with the trial court and, pursuant to our standard of review, find that appellee was not provided a fair hearing and therefore, conclude that the decision of the Commission was unlawful and unreasonable. A hearing officer is required, pursuant to Ohio Admin. Code 4146-7-02 and R.C. 4141.28(J) to afford appellee a "fair hearing." A fair hearing includes the parties' right to produce evidence and examine witnesses that are germane to the issues relating to the employee's separation of employment and aid the hearing officer in ascertaining whether the employee is entitled to benefits. R.C. 4141.28(J). Further, when the employee proceeds pro se, as did appellee, the hearing officer is to advise the employee of his rights, aid him in examining and cross examining witnesses, and give him every assistance compatible with the discharge of the duties of the hearing officer. R.C. 4141.28(J). If the parties do not receive a fair hearing, the resulting determination is unlawful and unreasonable. See General Motors Corp. v. Baker (1952),92 Ohio App. 301, 308 — 309, 110 N.E.2d 12; Owens v. Administrator, Ohio Bureau of Employment Services (Sept. 24, 1999), Hamilton App. No. C-980863, unreported, 1999 WL 741815 (when a party does not receive a fair hearing, the decision is unlawful and must be reversed). While we agree with appellant that a hearing officer must exercise his discretion when determining whether evidence is probative to the issues presented or cumulative, we find that, in the case sub judice, appellee was not provided with a fair hearing when the hearing officer failed to permit appellee to present any witness other than appellee himself. While the hearing officer permitted appellee to proffer what he believed his witnesses would have testified to if given the opportunity, the hearing officer made it quite clear that such a proffer would not be considered as evidence in the decision making process. We find that the denial of a fair hearing rendered the decision of the Commission unreasonable and unlawful. In light of our holding in regard to the fairness of the hearing, we find we need not address appellant's other arguments presented in this assignment of error. Appellant's sole assignment of error is overruled.
The judgment of the Knox County Court of Common Pleas is affirmed.
Edwards, J. Hoffman, P.J. and Milligan, V.J. concurs