WINSKI, APPELLEE, *v.* BOARD OF REVIEW, BUREAU OF UNEMPLOYMENT COMPENSATION, APPELLANTS.

Ohio Appeals, Seventh District, Belmont County.

No. 965. Decided January 5, 1961.

*Mr. George T. Tarbutton,* for appellee.

*Mr. Mark McElroy,* attorney general, and *Mr. Daniel T. Lehigh,* assistant attorney general, for appellants.

GRIFFITH, P. J. This is an appeal on questions of law from the judgment of the Court of Common Pleas of Belmont County sustaining the motion of the claimant, Thomas J. Winski, to remand this cause to the Board of Review, Bureau of Unemployment Compensation of Ohio, for further consideration as to whether or not the notice of appeal was timely filed.

The claimant contends that on January 18, 1960, he deposited a letter addressed to the Board of Review, Bureau of Unemployment Compensation, 427 Cleveland Avenue, Columbus 16, Ohio, in the United States Mail Box in front of the post office at Yorkville, and that by reason of the mailing of the letter, which was subsequently delivered to the defendant, his notice of appeal was filed on time.

It is contended otherwise by the Bureau noting that the letter was postmarked on January 19, 1960, at 7:00 o'clock a. m., or twenty-four hours beyond the ten day statutory provision for filing a notice.

The appellant in this case, Administrator, Bureau of Unemployment Compensation, urges that the Common Pleas Court erred in sustaining the claimant's motion to remand, and also erred in overruling the motion of the administrator to dismiss the appeal, in the following three particulars, to-wit:

1. That the jurisdiction of the court of common pleas had been properly invoked.

2. That the case should be remanded to the Board of Review for further consideration.

3. That the Board of Review should hear the case on its merits in the absence of an appeal invoking the jurisdiction of the Board of Review.

There was no rehearing in this cause by the Board of Review, and the appeal is from the original decision of that board.

Whether or not the ten day limit set by Section 4141.28, Revised Code, was heeded by the claimant it seems to us is not necessarily determinative of the case before us.

The common pleas court in its entry made the following order:—

"The file herein is hereby remanded to the Board of Review, Bureau of Unemployment Compensation for further consideration as to whether or not the notice of appeal was timely filed."

Apparently the trial judge was uncertain as to that fact, as is this court, but what authority had the common pleas court to remand the cause for further consideration?

The Code provides what decision the Common Pleas Court may make in such instances, that is, the common pleas court is limited to affirming, reversing, or modifying the board and nothing more.

There is nothing in the Code authorizing the Common Pleas Court to remand the cause for further consideration, and the attempt of the court in so doing is clearly reversible error.

Of course, if the appeal to the Board of Review was out of statutory limits the Board of Review had no jurisdiction, and if the Board of Review had no jurisdiction clearly the common pleas court had none. Such being the status of the case as revealed by the record we must conclude that the notice of appeal was not timely filed, as did the Board of Review.

We must assume that the Board of Review in its determination that the appeal was not timely filed was correct and remains undisturbed.

The judgment of the common pleas court is reversed and final judgment entered for the administrator, Donald B. Leach, Bureau of Unemployment Compensation.

DONAHUE, J., concurs.
BROWN, J., not participating.