**DAUGHERTY, APPELLEE, *v.* ADMR., BUREAU OF EMPLOYMENT SERVICES, ET AL., APPELLANTS.**

(No. 1408—Decided December 10, 1984.)

*Judith J. Christley,* for appellee.
*James J. McNally,* for appellants.

DAHLING, J. This is an appeal from a judgment of the Court of Common Pleas of Portage County, in which the court reversed the decision of the board of review and ruled the plaintiff-appellee was entitled to draw unemployment compensation. We affirm.

Plaintiff-appellee, Barbara Daugherty, was employed as a cashier by defendant-appellant, Windham Foods, Inc., from September 1980 until June 18, 1982. On May 30, 1982, appellee was advised by the appellant that they were implementing a new work rule, *i.e.,* if two individuals were married to one another only one could work for the appellant. The appellee was to be married in August 1982 to a fellow employee. The new work rule upset the appellee to the extent that she began seeing a psychologist. On June 18, 1982, she left her employment.

On June 24, 1982, appellee filed an application for determination of benefit rights. Appellee's claim was denied on all subsequent administrative appeal levels. On October 7, 1983, the common pleas court reversed the denial of benefits by the board of review. This appeal followed.

The assignment of error is as follows:

"I. The Board's decision that claimant quit work without just cause because she would be discharged for marrying a fellow employee is lawful, reasonable, and not against the manifest

1

weight of the evidence, and the common pleas court erred by reversing such a decision."

Appellant's sole assignment error is without merit.

Appellant contends that the trial court erred in applying R.C. 4141.28(O). That section states in pertinent part:

"If the court finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse and vacate such decision or it may modify such decision and enter final judgment in accordance with such modification; otherwise such court shall affirm such decision."

54 Ohio Jurisprudence 2d (1962) 351, Unemployment Compensation, Section 59, states:

"11. On Appeal to the Court of Common Pleas from the Unemployment Compensation Board of Review, the court is limited to affirming, reversing, or modifying the order of the board and has no power to remand the cause for further consideration. *Winski* v. *Board of Review* (App), 87 OL Abs 254, 179 NE 2d 159."

"13. * * * Where, on appeal to the Court of Common Pleas from a decision by the board of review, affirming a decision by the referee holding that claimant was not entitled to receive benefits, the court finds that the decision is against the clear, plain, and manifest weight of the evidence, unreasonable, and therefore unlawful, it may reverse and vacate such decision under the authority of the statute. *Nofzinger* v. *La Choy Food Products Div.* (CP), 52 O Ops 396, 67 OL Abs 404, 116 NE 2d 773; *Schroeder* v. *La Choy Food Products Div.* (CP) 52 O Ops 434, 69 OL Abs 372, 116 NE 2d 775.

"A finding by a referee of the board of review made without evidence to support it is arbitrary and unlawful. *General Motors Corp.* v. *Baker*, 92 O App 301, 49 O Ops 368, 110 NE 2d 12, m c o Oct. 8, 1952."

Appellant correctly reiterates:

"There is, of course, not a slide-rule definition of just cause. Essentially, each case must be considered upon its particular merits. Traditionally, just cause, in the statutory sense, is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." *Peyton* v. *Sun T.V.* (1975), 44 Ohio App. 2d 10, 12.

Judge Kainrad made a concise analysis of the evidence, which we refer to with favor:

"A review of the transcript of the hearing discloses that the Appellant was employed with Windham Foods Incorporated, and was living with another employee of the same corporation during the course of her employment.

"The record further reveals that upon disclosure of her intention to marry the person that she was living with, she was advised by the Owner that two persons married to each other could not work in his store, and that this was a new policy of his adopted at the time.

"Pursuant to such new rule that had only been applied to her at that point, the Appellant announced her intention to quit as directed by the owner. Thereafter, being upset about the new rule, which was applied to her, she subsequently quit at an earlier date than previously indicated.

"The Hearing Officer found that the Appellant had quit without just cause and benefits were denied.

"It was quite apparent to this Court that the Appellant had just cause to quit because she was told to quit, and, therefore, the decision of the Board of Review and its Hearing Officer is arbitrary and unreasonable and contrary to the evidence."

The judgment of the trial court is affirmed.

*Judgment affirmed.*

COOK, P.J., and FORD, J., concur.