TAYLOR, Appellant,

v.

OHIO UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Appellee.

[Cite as *Taylor v. Ohio Unemp. Comp. Bd. of Review* (1991), 76 Ohio App.3d 405.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–596.

Decided Nov. 26, 1991.

*Mary Jo Cusack*, for appellant.

*Lee Fisher*, Attorney General, and *Stefan J. Schmidt*, Assistant Attorney General, for appellee.

WHITESIDE, Judge.

The appellant, Wendel L. Taylor, had been employed by Dial One Giametta and Sons ("Giametta"), as a working foreman for several years when, on April 15, 1988, he quit his job because his employer persisted in its refusal to withhold and pay his federal income tax. According to appellant, Giametta paid part of the compensation in cash and part by paychecks because of the withholding.

After quitting his job with Giametta, Taylor worked one day with Ever Green Lawn Corporation ("Ever Green"). He refused to work further for Ever Green when he was advised that, although his pay would be $6 per hour, he would be required to work overtime but, rather than being paid time and one-half, would be paid approximately $2.40 per hour for all overtime. This so-called "Chinese overtime" results essentially in an inverse relationship

between hours worked and rate of pay in that the more hours worked, the lower the hourly rate of pay.

Taylor filed an application for unemployment compensation, but the administrator denied benefits, finding that Taylor had quit his employment at Giametta without just cause. Taylor appealed to the Unemployment Compensation Board of Review, which made a similar finding. The appeal to the Franklin County Court of Common Pleas resulted in a finding by that court that the decision of the board of review was lawful and reasonable and not against the manifest weight of the evidence.

Appellant Taylor now appeals to this court, raising a three-part assignment of error, as follows:

"The court erred in finding that the April 19, 1990 decision of the Bureau of Employment Services Board of Review, disallowing appellant's application to institute further appeal, is lawful, reasonable and supported by the manifest weight of the evidence, in the following respects:

"A. In finding that appellant's termination of his employment with Giametta and Sons was a quit without just cause.

"B. In finding that appellant was an employee of Ever Green Lawn.

"C. In finding that appellant's termination of his alleged employment with Ever Green was a quit without just cause."

Assuming appellant Taylor's testimony as to what occurred is accepted, the decision of the Unemployment Compensation Board of Review is contrary to law, and the common pleas court erred in affirming that decision. The common pleas court adopted a report and recommendation of a referee. The referee, citing *Daugherty v. Ohio Bur. of Emp. Serv.* (1984), 21 Ohio App.3d 1, 21 OBR 1, 486 N.E.2d 242, correctly defined "just cause" as used in R.C. 4141.29(D)(2)(a) as meaning conduct which a person of ordinary intelligence would consider to be a justifiable reason for terminating employment. The referee then, although finding that Taylor quit his employment because Giametta would not withhold income taxes from his wages, predicated a determination of no just cause upon Taylor's having agreed to the arrangement when he was hired and having acquiesced therein for two and one-half years. Although the referee indicated that appellant Taylor has cited no authority stating that an employer's failure to withhold income tax constitutes just cause to quit employment, the referee cited no authority that it does not. The referee specifically stated that appellant Taylor specifically requested his employer Giametta to withhold income taxes from his wages, and the employer continued to refuse.

The hearing officer for the board of review made substantially similar findings which were adopted by the board. Upon appeal to this court, the board made some contention that appellant Taylor was an independent contractor rather than an employee of Giametta, which Giametta indicated in response to the original application for unemployment compensation, but as to which no evidence was adduced, other than the testimony of appellant Taylor that he was an employee. In addition, the employer was found liable, and the employment determined to be covered for unemployment at the administrative level, and no appeal was taken by anyone from that finding.

This is not a matter of a decision being against the manifest weight of the evidence but, instead, a legal conclusion inconsistent with the findings of fact made by both the board of review and the common pleas court.

It is just cause for an employee to quit employment if the employer refuses to comply with the income tax withholding laws and withhold income tax from the employee's wages. R.C. 4141.29(D)(2) precludes payment of unemployment compensation only if the employee "quit his work without just cause or has been discharged for just cause in connection with his work."

R.C. 5747.06(A) requires every employer who pays any compensation to an employee who is a taxpayer to deduct and withhold from the compensation an amount equivalent as far as practicable to the income tax reasonably estimated to be due from such employee to the state. Federal law contains similar provisions with respect to the federal income tax. See Section 3102(a), Title 26, U.S.Code, and Section 3509(a), Title 26, U.S.Code. Failure to make such withholdings makes the employer subject to a fine of not less than $100 nor more than $5,000. See R.C. 5747.99. In other words, there is a duty upon the employer to withhold the proper amount of income taxes, excepting in some unusual circumstances, as to which there is no evidence herein.

Since the facts as found by the board of review and by the court of common pleas permit only a conclusion that appellant Taylor did not quit his job with Giametta without just cause, the common pleas court erred and abused its discretion in affirming the decision of the board of review upon that ground since the decision was unreasonable and unlawful.

■ The second basis for the denial of compensation by the board of review was that appellant Taylor accepted a job with Ever Green Lawn Corporation and quit after working one day because Ever Green would not comply with the federal law requiring that hours worked in excess of eight hours in any one day or forty hours in any one week be compensated at a rate of one and one-half times the regular hourly rate. Instead, as found by the board, Ever Green paid a lower hourly rate for overtime than for regular time, resulting in what has been described as "Chinese overtime." Section 207(A)(1), Title 29,

U.S.Code requires that an employer pay employees who work more than forty hours in any one week at a rate of not less than one and one-half times their regular rate. No employee is required under penalty of losing unemployment compensation benefits to work with an employer who refuses to comply with federal law as to overtime. Such circumstances (refusal of an employer to pay overtime as required by law) is just cause for quitting employment.

We need not reach the issue as to the nature of appellant Taylor's employment with Ever Green. He contends that it was a one-day tryout, not a permanent employment, and that he declined to accept employment when he learned of the illegality involved in not paying for overtime in the proper manner. The bureau contends, and the board of review found, that appellant was an employee of Ever Green but quit without just cause and worked for such a short period of time that he failed to qualify for unemployment compensation since he had also quit his position with Giametta without just cause also. Both findings are unreasonable and contrary to law predicated upon the factual findings of the board of review. Accordingly, the assignment of error is well taken.

For the foregoing reasons, the assignment of error is sustained; the judgment of the Franklin County Court of Common Pleas is reversed; and this cause is remanded to that court with instructions to reverse the decision of the Unemployment Compensation Board of Review and to remand this cause to that board with instructions to find appellant, Wendel L. Taylor, eligible for unemployment compensation since he quit his employment with Charles A. Giametta, d.b.a. Dial One Giametta and Sons, and with Ever Green Lawn Care Corporation, for just cause, and for such further proceedings in accordance with law and consistent with this opinion.

*Judgment reversed*
*and cause remanded*
*with instructions.*

JOHN C. YOUNG and TYACK, JJ., concur.