JOURNAL ENTRY AND OPINION
Plaintiff-appellant Thaddieus W. Cain ("Cain"), pro se, appeals from the denial of unemployment compensation benefits after being terminated from his employment as a delivery truck driver with defendant-appellee Airborne Express, Inc. For the reasons adduced below, we affirm.
A review of the record on appeal indicates that Cain filed his Application for Determination of Benefit Rights on July 17, 1995, after being terminated for submitting false doctor's releases for his having been absent from work claiming sickness.[1] The record documents four such false releases, fraudulently made on patient release forms from Raymond J. Votypka, M.D.'s office. The October 10, 1995 determination of benefits concluded that Cain, having violated his employer's rules in submitting false releases for missed work, had been discharged for just cause and denied the claim. See R.C. 4141.29 (D) (2) (a)
Cain requested reconsideration of the initial determination in October of 1995. In the request for reconsideration before the Administrator of OBES, Cain claimed that: (1) he was terminated in retaliation for his having filed a pro se civil rights action in Federal District Court against the employer on August 4, 1995[2]; and, (2) other employees had committed similar violations of company rules and had been rehired by the company. By decision dated December 13, 1995, the Administrator of OBES denied reconsideration and affirmed the determination dated October 10, 1995.
Cain timely filed his appeal of the Administrator's decision with the Board of Review on December 27, 1995. The Board of Review hearing commenced on January 19. 1996 and was continued into February 7, 1996. Extensive testimony and evidence was taken by both Cain and the employer during these two days of hearings. By decision mailed May 16, 1996, the Board of Review affirmed the decision of reconsideration. Cain applied to the Board to institute further appeal on May 30, 1996. The Board disallowed further appeal on August 1, 1996.
Cain, acting pro se, filed his appeal in the trial court on August 20, 1996, from the Board of Review decision. On March 27, 1998, subsequent to reviewing the briefs submitted by the parties and the administrative record which was filed with the trial court on December 3, 1996, the trial court overruled Cain's assignments of error and affirmed the administrative decision denying him unemployment compensation. Journal Vol. 2197, pages 773-775.
This timely appeal from the trial court's decision was filed by Cain on April 24, 1998.
Prior to addressing the merits of the appeal sub judice, we note that our primary consideration is whether the trial court erred in affirming the decision of the Board of Review.
In making this determination we note the decision of the Ohio Supreme Court in Tzangas, Plakas Mannos v. Ohio Bur. of Emp.Serv. (1995), 73 Ohio St.3d 694, where the court held in paragraph one of its syllabus:
 An appellate court may reverse the Unemployment Compensation Board of Review's "just cause" determination only if it is unlawful, unreasonable or against the manifest weight of the evidence.
The court explained that although appellate courts do not act as fact finders, there is a duty to determine whether the evidence in the record supports the board's decision. "This duty is shared by all reviewing courts, from the first level of review in the common pleas court, through the final appeal in [the Supreme Court.]" Id. at 696.
With this standard in mind, we consider whether the record supports the board's decision to deny benefits in this case.
Our task is complicated by the fact that appellant's brief is a non-complying brief. See App.R. 16 (A). First, the table of cases cited by appellant contains no corresponding reference to the pages of the brief where these authorities are cited. See App.R. 16 (A) (2). Second, the statement of the assignment of errors presented for review does not refer to the place in the record where each error is reflected. See App.R. 16 (A) (3). Third, the statement of issues presented for review does not contain references to the assignments of error to which each issue relates. See App.R. 16 (A) (4). Fourth, the statement of facts does not contain references to the record in accordance with App.R. 16 (D) See App.R. 16 (A) (6) and (D). Fifth, the individual arguments are not referenced to any particular assignment of error presented for review and the arguments contain little citation to authority or the part of the record on which appellant relies. See App.R. 16 (A) (7).
Appellant presents eight assignments of error containing a total of fifteen sub-assignments. The argument section of appellant's brief, without referencing any of the assignments of error presented for review, is broken down into seven distinct sub-arguments, simply delineated alphabetically "A" through "G". To the extent that we are able to discern a legal theory or reasoning by appellant, we will address the arguments as presented by appellant in the argument section.
In the four sentences comprising argument "A," Cain speculates whether or not the trial court had before it the administrative record when it considered the merits of Cain's appeal. If the trial court did not have the administrative record available when it ruled on the appeal, appellant argues that the matter must be reversed for a proper review by the trial court. The record conclusively demonstrates that the administrative record was filed with the trial court on December 3, 1996. There is no demonstration by Cain that the trial court did not utilize that record when it considered the merits of the appeal. Accordingly, appellant's speculation and argument is specious.
In the one sentence comprising argument "B," Cain speculates whether the referee improperly relied on hearsay evidence presented by the employer rather than relying on Cain's testimony. In support of this argument, Cain cites Campion v. Ohio Bur. of Emp.Serv. (Cuyahoga, 1990), 62 Ohio App.3d 897, for the proposition that the hearing referee could not rely upon the employer's allegedly hearsay evidence used to support the discharge. Campion
is inapplicable to this case. In Campion, this appellate court held that the hearing referee erred in accepting "the employer's unsworn hearsay allegations which offered no details or substantiation over the former employee's testimony." Id. at paragraph one of the syllabus. In the case sub judice, the record amply demonstrates both detail and substantiation in the employer's evidence which, in truth, was not inadmissible hearsay; the records relied upon by the employer which detailed Cain's work history and acts of dishonesty were properly admitted as business records under Evid.R. 803 (6). Accordingly, argument "B" is without merit.
In the one sentence comprising argument "C," Cain speculates whether the referee's "decision not to allow Appellant testimony and to call witnesses on his behalf give Appellant due process under the U.S. Constitution l4th Amendment . . . and given a fair hearing . . ." Appellant's brief at 13. The record demonstrates that Cain was given the opportunity to present witnesses and evidence on his behalf and to cross-examine witnesses against him. The hearing referee, apparently out of a sense of compassion toward the pro se litigant before her, patiently assisted Cain a number of times during the proceedings. The record does not demonstrate that Cain was denied due process or that the hearing was unfair.
In the one sentence comprising argument "D," Cain argues whether he was discharged for just cause. The record conclusively demonstrates that Cain committed four acts of dishonesty in calling in sick so that he could take a day of vacation and providing forged medical releases to buttress the sickness excuse. Significantly, Cain admitted to the false releases at the hearing. See Hearing transcript at 361-362.
"`Just cause,' in the statutory sense is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." Daugherty v. Bur. of EmploymentServices (1984), 21 Ohio App.3d 1, paragraph one of the syllabus.
Dishonesty is defined at R.C. 4141.29 (D) (2) (f) as "the commission of substantive theft, fraud, or deceitful acts."
The passing of forged medical releases by the employee to the employer is a deceitful and fraudulent act and constitutes just cause for termination. Accordingly, this argument is unpersuasive.
In the one sentence comprising argument "E," Cain speculates whether the referee permitted him a fair hearing when the referee restricted Cain, who had sought the issuance of thirty subpoenas, in the number of subpoenas he could request to be issued for witnesses to appear on his behalf.
O.A.C. 4146-15-01, which regulates subpoenas at administrative hearings, provides:
4146-15-01 WHO AND WHEN TO ISSUE
 Upon the request of an interested party, or upon its own motion and within its discretion, the review commission or a hearing officer may, at any time, issue subpoenas to compel the attendance and testimony of witnesses and production of books, accounts, papers, records and documents at any hearing. If an interested party desires the issuance of subpoenas in order to compel the attendance of witnesses or the production of evidence at a scheduled hearing, the party's request should be filed with the review commission at least five calendar days in advance of the date of the hearing in order to allow sufficient time for preparation and service of the subpoenas. In the event that the number of subpoenas requested by any party appears to be unreasonable, the review commission may require a showing of necessity there for, and, in the absence of such showing, may limit the number of subpoenas. (Italicization added.)
Cain never provided the names or addresses of the prospective thirty witnesses, nor did he ever explain to the hearing referee the necessity for the subpoenas in the form of what disputed facts these witnesses would testify to. Having failed to demonstrate the necessity for these subpoenas, we conclude that the referee did not abuse her discretion in not issuing the requested thirty subpoenas. Argument "E" is without merit.
In the one sentence comprising argument "F," Cain speculates whether he was "afforded a fair hearing by not being allowed to represent (sic) witnesses, submit documents that would help Appellant and not afforded the opportunity to see all documents in the file . . ." See appellant's brief at 14. Nothing in the record establishes that Cain was prevented from obtaining relevant witnesses or discovery on his behalf in defense of his claim for unemployment benefits. This argument is without merit.
In the three sentences comprising argument "G," Cain states that this appellate court must determine if he was provided "a fair hearing, due process, able to call witnesses to support his side and file documents." Cain also states that the hearing record supports his contention of being unfairly treated, in particular, that he was not given the opportunity by the referee to present a closing argument. See appellant's brief at 14. These same general arguments were presented and addressed in the other arguments offered by Cain and remain without merit. The only new allegation of unfair treatment is the failure to be permitted to present a closing argument to the referee.[3] Closing arguments are not a substitute for substantive evidence, and Cain does not establish any prejudice in not being given the opportunity to give a closing argument. We see no abuse of discretion in the referee conducting the hearing without benefit of closing arguments by the parties. Argument "G" is without merit.
In summary, we conclude that the decision to terminate Cain's employment was for "just cause" and that determination was not unlawful, unreasonable or against the manifest weight of the evidence.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
ANN DYKE, P.J., and MICHAEL J. CORRIGAN, J., CONCUR.
 __________________________________ JAMES D. SWEENEY JUDGE
[1] Cain admitted to having submitted a false excuse to the employer in his statement to the Ohio Bureau of Employment Services dated September 28, 1995.
[2] See Cain v. Airborne Freight, et al., United States District Court of Northern Ohio, Eastern Division, Case No. 1:95 CV 638, which was dismissed in favor of the defendants on March 18, 1998, upon the granting of the employer's motion for summary judgment. An appeal by Cain from that summary judgment ruling is presently pending before the Sixth Circuit Court of Appeals in Case No. 98-3454.
The administrative record also indicates that Cain, a member of Teamsters Local 407, filed a grievance with the union relative to his June 28, 1995 termination for dishonesty and overall work record. See grievance number C-229-5. The July 28, 1995 minutes of the grievance committee establishes subsequent to the presentation of evidence and testimony by the parties that the grievance was denied unanimously, thereby upholding Cain's termination from employment at Airborne Freight.
[3] The hearing record reflects that neither party offered closing arguments or objected to the failure of the referee to provide this courtesy. Having failed to object, any error is waived.