CUNNINGHAM, APPELLANT, *v.* THE JERRY SPEARS COMPANY; ADMR., BUREAU OF UNEMPLOYMENT COMPENSATION, ET AL., APPELLEES.

(No. 7126—Decided May 21, 1963.)

*Messrs. Fullerton & Paul*, for appellant.
*Mr. William B. Saxbe*, attorney general, *Mr. Harold B. Talbott* and *Mr. Ralph C. Godwin*, for appellees.

DUFFEY, J. This is an appeal from an order of the Common Pleas Court of Franklin County, Ohio, which affirmed the Board of Review, Bureau of Unemployment Compensation, denying benefits to the appellant.

The appellant, Charles D. Cunningham, was an employee of The Jerry Spears Company. His duties were primarily that of night watchman together with a variety of other small tasks. He was discharged sometime in May, 1961. An employer's informational form was filed May 23, 1961. This was signed by Nellie Wright as "Secretary." The form stated:

"Employee was dismissed for causes other than lack of work. He was not performing prescribed duties."

Attached to this form are two statements. The first is signed by the claimant. In it he states that there were never any complaints about his work, that he never missed a day until May 1, that he believed he was discharged because he was a Democrat, that on May 1 he was laid off, and was replaced or dis-

charged on May 8. The second statement is initialed "WWS," which apparently represents W. W. Sims, a bureau examiner. This is a handwritten memorandum which states:

"Nellie Wright told me by phone that C. D. Cunningham completely neglected his work—failed to perform duties assigned to him—was repeatedly warned. On 5-2-61 he came to work drunk & unable to do his work, so was sent home & discharged.—She stated that he didn't 'skimp' on his work, he just didn't do it. On 4 or more occasions she had attached notes to his time card, instructing him on his duties—to empty the ash trays, sweep the floor, dust the furniture, clean the bath & toilet rooms, occasionally stroll around the property, outside, to detect any prowlers, trespassers, strange parked cars, etc. Mr. Spears had spoken to him concerning his work not being done, and Mr. Garee, his day-time relief man, who had all the work to do for both of them, when Cunningham's work wasn't done. On several occasions he had been found, asleep, with his radio going beside him, during working hours, and his work not done.—WWS."

An Administrator's Determination Form dated May 31, 1961, and initialed "PW" states that claimant was discharged "because of unsatisfactory work performance, neglect of duties and reporting for work in an unfit condition." The determination was made that this was a discharge for just cause and the claim for benefits denied. A request for reconsideration was filed in which the claimant again denied that he failed to do his job, stated that no complaints had been made, that he had had no intoxicating beverages in ten years, and had never slept on the job. Another statement is attached to this which indicates a memorandum of a phone call and which states:

"Mr. Spears—at times clm did do a satisfactory job at other times he appeared to be under the influence of something— (probably alcohol). Mr. Spears had no reason to feel clm was not capable of doing the job. Clm was warned by Mr. Spears— but failed to improve. (Clm duties consisted of clean up rest rooms, floors, ash trays etc. per Mrs. Wright.) Irregularities were reported by men who went on night death calls.
6/13/61
M. Byers"

While not indicated in the statement, "Mr. Spears" appar-

ently refers to Mr. Jerry Spears, Jr. "M. Byers" apparently refers to another bureau examiner.

On June 14, 1961, the administrator's reconsideration decision affirmed the denial of benefits. This decision reviews the file and then states:

"The employer was contacted with respect to the claimant's request for reconsideration. Mrs. Wright, the secretary, reports the irregularities in the claimant's work were reported by the men who had to make night calls. Mr. Spears, Jr. reported at times the claimant did a satisfactory job. On other occasions, however, he failed to properly perform his duties and after warnings failed to improve.

"While the Administrator is unable to reconcile much of the information furnished by the claimant and the employer, it is felt insufficient evidence has been presented to warrant a change."

The claimant appealed and a hearing was held before a referee. At the hearing, no representative or witness for the employer appeared. No examiner testified. The only witness was the claimant himself. He was examined by his attorney and cross-examined by the referee. In essence, he repeated under oath what he had previously stated. He is 76 years of age and physically able to work. Nowhere in his testimony does he appear to contradict himself, and no derogatory information appears which would reflect on his veracity. According to his testimony, his work hours were from 11 p. m. to 7 a. m., and he had little or no contact with Nellie Wright or with Mr. Spears during his working hours.

The referee's report in pertinent part states:

"It is very unlikely that claimant was discharged because of his political beliefs. That was not the cause of claimant's separation.

"After considering claimant's testimony, his demeanor and attitude in testifying, it is evident that he was discharged for his failure to perform his work satisfactorily. He neglected to perform the work assigned to him with the result that the day man had to perform claimant's work in addition to his own. He was warned on many occasions about his failure to do his job satisfactorily. However, the warnings did not result in any permanent improvement in the performance of his work. His

work would improve temporarily and then he began to neglect it again with the result that it was necessary to discharge him. He was discharged for just cause in connection with his work. His separation comes within the purview of the above section of the act which makes it necessary to disqualify him accordingly.''

The Board of Review affirmed the referee's report without opinion.

We have quoted entire portions of the file to provide a complete and accurate picture of the actual basis for decision, as well as the decisions reached. The Common Pleas Court on appeal found that there was evidence of record upon which the board as the trier of fact was entitled to rely, and affirmed the board.

Appellant has challenged the sufficiency and manifest weight of the evidence. Pertinent statutory provisions are found in Section 4141.28, Revised Code. Prior to 1959, this section and its predecessor (Section 1346-4, General Code) required that ''the board shall afford all interested parties reasonable opportunity for a *fair hearing.*'' This statutory provision was simply a legislative reaffirmation of the need to follow basic principles of fair procedure and rational judgment. In *General Motors Corp.* v. *Baker* (1952), 92 Ohio App., 301, the predecessors of this court stated, at page 308:

''We are of the opinion that the provision in Section 1346-4, General Code, providing for a 'fair hearing' contemplates the taking of sworn testimony with the right of cross-examination assured to the adverse party and the rendering of findings of fact supported by the evidence. When an administrative officer acts without regard to the evidence, after holding what purports to be a hearing, but which in actuality is no hearing at all, it cannot be said that the parties have had a 'fair hearing' within the meaning of the statute. A finding without evidence to support it is arbitrary and unlawful.''

In 1959 the statute was amended (128 Ohio Laws, 1308, 1320). The pertinent portion of Section 4141.28 (J), Revised Code, now provides:

''When an appeal from a decision on reconsideration of the administrator or deputy is taken, all interested parties shall be notified and the board or a referee shall, after affording such

parties reasonable opportunity for a fair hearing, affirm, modify, or reverse the findings of fact and the decision of the administrator or deputy in the manner which appears just and proper. In the conduct of such hearing or any other hearing on appeal to the board which is provided in this section, the board and the referees shall not be bound by common law or statutory rules of evidence or by technical or formal rules of procedure, nor shall there be imposed upon the claimant or the employer any burden of proof such as obtains in a court of law. The board and the referees shall take any steps in such hearings, consistent with the impartial discharge of their duties, which appear reasonable and necessary to ascertain the facts and determine whether the claimant is entitled to benefits under the law. For the purpose of any hearing on appeal which is provided in this section, the file of the administrator pertaining to the case shall be certified by the administrator and shall automatically become a part of the record in the appeal hearing. All information in such file which pertains to the claim, including statements made to the administrator or his deputy by the individual claiming benefits or other interested parties, shall be considered by the board and the referees in arriving at a decision, together with any other information which may be produced at the hearing.''

It is apparent that a hearing under the present law is not an adversary proceeding as in judicial actions. In the latter, a burden of proof is imposed, reliance is placed on the adversaries to develop the evidence, and the trier of fact generally does not participate in developing the case. The statute here does away with any burden of proof—at least as used in courts to impose an obligation to proceed. Insofar as *Shannon* v. *Bureau of Unemployment Compensation* (1951), 155 Ohio St., 53, might be interpreted otherwise, the Legislature has now changed the law of that case. We think it apparent that neither party has any procedural obligation to present its side, nor is either subjected to the judicial requirement of a preponderance of the evidence. In that sense, the Attorney General's contention here that the claimant-appellant had the ''burden of proof'' is erroneous. The various provisions of Chapter 4141, Revised Code, and in particular Section 4141.28, now make it clear that the referee or board need not, and perhaps frequently will not, rely upon the

interested parties to produce the information necessary for a just decision. The board, in performing its public function of passing on claims, is to act to insure that an adequate basis for decision exists. The board has the power to investigate a claim for itself. Sections 4141.09 and 4141.17, Revised Code. Thus, it is a quasi-judicial body in determining the facts, but it has also now been granted investigatory powers which enable it to develop the evidence from which the facts are to be determined.

However, this statute is not to be understood to countenance making a farce or mockery of constitutional and statutory requirements of a fair hearing. See *Roma* v. *Industrial Commission* (1918), 97 Ohio St., 247, at 253. While there may be no burden of proof, there must be a basis for rational judgment. As pointed out in *Baker, supra,* a decision made without a reasonable basis for decision is an arbitrary one. Accordingly, the decision of the board here to deny benefits in the face of the appellant's sworn testimony must be supported on the record by relevant probative evidence.

The fact that the board is not "bound by common law or statutory *rules* of evidence" does not and could not mean that the Legislature abrogated any requirement for *evidence* itself. Rules of evidence are not merely procedural or technical methods for the presentation of information. They are in great part substantive principles as well, and represent standards for the evaluation of information—standards based on the cumulative human experience of over 600 years in the Anglo-American legal system. Nor does the statutory exemption from "formal rules of procedure" permit unfair procedure.

The basic philosophy of judicial procedure revolves around the principles of fairness, relevance, reliability and public policy. See 42 American Jurisprudence, 460 *et seq.,* Public Administrative Law, Section 129 *et seq.* The principles remain even though their formulation as technical court rules may be inappropriate to the operation of this agency. Further, the rules themselves remain as a starting point in determining whether there has been a violation of fundamental principles. While we think these points are self-evident, attention is directed to the provision of Section 4141.28 (N), Revised Code. Under that provision, the Common Pleas Court upon appeal is limited to a judicial review of the record of the hearing before the board.

Obviously it is at the board level that a party must be accorded a hearing consistent with principles of due process.

In our opinion, the action of the agency here violates the principles of a fair hearing. While the referee's report is replete with factual findings, these findings are not based on relevant probative evidence, and the decision is therefore unreasonable.

The claimant supported his position by sworn testimony before the referee and subjected himself to cross-examination. As previously noted, his testimony is consistent; his veracity not disproved. The *only* contra information of record are unsworn written memoranda of alleged phone conversations. These calls were apparently made by various deputy administrators who did not appear at the hearing. The memoranda state that these calls were made to an employee and a representative of the employer, neither of whom appeared. The content includes (1) self-serving statements, (2) allegations of facts not within the alleged speaker's knowledge, and (3) expression of opinions also without personal knowledge of the matter stated.

The Attorney General refers to the statutory provision that "statements" in the file made to a deputy by "interested parties" shall be considered. We note that under previous and present statutes, the claimant makes a written statement in connection with his application, and the employer must file a written statement when so requested under Section 4141.28 (B), Revised Code. However, assuming that unsworn memoranda by a deputy as to oral phone conversations fall within the statute, the board is not thereby authorized to ignore common sense and probative value. An uncontradicted statement of fact or one against the interest of the party would be quite distinct in probative value from the situation here of unsworn hearsay on hearsay as to contested facts.

It should be noted that we are not dealing here with administrative procedures on the examiner level of initial determination. The initial decision on the administrative level may well be based on practical methods of gathering information. Such initial decision under Chapter 4141, Revised Code, is simply an administrative determination. The first opportunity for the claimant or the employer to obtain a "hearing" comes

176

before the referee or the board on the so-called "appeal." It is at this point that the statute and justice require that the parties be afforded a "fair hearing."

The judgment of the Common Pleas Court is reversed; the decision of the Board of Review is reversed and vacated; and the case is remanded to the board for further proceedings.

*Judgment reversed.*

DUFFY, P. J., and BRYANT, J., concur.