TAYLOR, APPELLANT, *v.* BOARD OF REVIEW ET AL., APPELLEES.

298

(No. 47912—Decided
November 5, 1984.)

*Jose A. Villanueva,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Q. Albert Corsi,* for appellees.

PARRINO, J. Claimant-appellant Danny Taylor was employed by Mediterranean Bakery, Inc. from February 20, 1982 until September 7, 1982 as a maintenance worker. Claimant was beaten up by Jack Elias in July 1982, away from the bakery. Elias was not an employee of the bakery at that time. Shortly thereafter, Elias was employed by the bakery. He also was engaged to be married to one of the owners of that business. Before Elias started working, he, claimant and one of the owners, discussed the animosity that existed between the two men. Apparently an agreement was reached that they would attempt to get along.

On September 7, 1982 claimant was assigned to sort bread. He started to fall behind, and asked Elias for some help. Elias did not respond so Taylor asked one of the owners for help. At that point, Elias stated, "F___ ___ you and shut up." Several other people helped Taylor complete the job. A few minutes later Elias reportedly told claimant, "You better have your jack ready when you get off work because I'll be waiting for you."

Taylor reported the threat to his supervisors who in turn talked with Elias. Taylor was then assured that Elias would not assault him. However, Taylor stated that he was told by one of the owners that Elias was "going to become family" so nothing could be done about him. Furthermore, if anything occurred between them, it would be Taylor who would have to leave the bakery. Taylor then quit his job.

Claimant filed for unemployment benefits claiming that he quit with just cause. The claim was denied by the administrator on October 6, 1982, and claimant pursued his claim through the administrative process. At a hearing before a referee, claimant appeared and testified; however, no witnesses testified for the employer. The Board of Review denied further appeal on January 13, 1983, and claimant filed a timely notice of appeal to the court of common pleas where the denial of benefits was affirmed on November 22, 1983.

Claimant is before this court on timely appeal and assigns three errors for review:

"I. The court of common pleas erred in failing to rule that the denial by the Board of Review of the Ohio Bureau of Employment Services of appellant's claim for unemployment benefits was unlawful, unreasonable, and against the manifest weight of the evidence.

"II. The court of common pleas erred in failing to reverse the denial of appellant's unemployment benefits since the Board of Review of the Ohio Bureau of Employment Services failed to apply a flexible 'just cause' standard to the facts of this case.

"III. The court of common pleas erred in failing to reverse the denial of appellant's unemployment benefits, since appellant had 'just cause' to quit his employment pursuant to O.R.C. § 4141.29(D)(2)(a)."

As these three assignments are related in law and fact, they will be addressed together.

Appellant contends that he quit his job with just cause because he feared for his physical safety.

R.C. 4141.29(D)(2)(a) establishes the

general standard to obtain unemployment benefits for those who leave their jobs. In pertinent part it provides:

"(D) * * * [N]o individual may * * * be paid benefits under the following conditions:

"(2) For the duration of his unemployment if the administrator finds that:

"(a) He quit his work without just cause * * *."

The question *sub judice* then is whether appellant had just cause for quitting. Just cause has not been clearly defined in case law, but one court has ruled that just cause "is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act. * * *" *Peyton* v. *Sun T.V.* (1975), 44 Ohio App. 2d 10, 12 [73 O.O.2d 8]. We believe appellant justifiably quit his job at Mediterranean Bakery.

We adhere to the holdings of other courts which have said that a reasonable fear of one's personal safety is a proper reason for leaving one's employment. *Reeves* v. *Bd. of Review* (C.P. 1954), 69 Ohio Laws Abs. 70; *Condo* v. *Bd. of Review* (N.J. Super. Ct., App. Div., Mar. 20, 1978), Unemployment Ins. Rept. (CCH), Paragraph 33, 779 at page 8,530; *In re Fried* (N.Y. Sup. Ct., App. Div., Aug. 5, 1976), Unemployment Ins. Rept. (CCH), Paragraph 10,530, at page 4622. An employee cannot be expected to remain on the job until an actual physical assault takes place.

Our review of the record indicates that Elias' threats of physical abuse constituted just cause for appellant to quit his job. The record clearly shows that Elias previously beat appellant, and that Elias subsequently threatened Taylor with another physical confrontation. While the employer assured claimant that Elias would not bother him, Taylor was also told that the employer could do nothing about Elias. Taylor's testimony was uncontradicted. The only statement made by the employer was a telephone conversation with an investigator for the Bureau of Employment Services in which "George" said the appellant was assured that Elias would not bother him. The evidence clearly shows that appellant had reason to fear that Elias would harm him.

The phone call to the employer was hearsay evidence. This court has previously said that where the sworn testimony of a witness is contradicted only by hearsay evidence, to give credibility to the hearsay statement and to deny credibility to the claimant testifying in person is unreasonable. *Bohannon* v. *Bd. of Review* (Mar. 5, 1981), Cuyahoga App. No. 42773, unreported. See, also, *Cunningham* v. *Jerry Spears Co.* (1963), 119 Ohio App. 169 [26 O.O.2d 401]. Thus, any weight to be given to the employer's hearsay is clearly outweighed by appellant's sworn testimony at the hearing before the referee.

Accordingly, we hold that an employee has just cause to quit his job and is entitled to unemployment compensation where he is threatened with physical harm by a fellow employee who has already beaten him on a prior occasion and the complaining employee has reported that threat to his employer who does not or is unable to take appropriate steps to alleviate the genuine and reasonable fear of the employee who has quit his job.

For the above-stated reasons, appellant had just cause to quit his job and is therefore entitled to unemployment compensation.

The judgment is reversed, and the cause is remanded.

*Judgment reversed and*
*cause remanded.*

CORRIGAN, C.J., and PATTON, J., concur.