ROCHE, APPELLANT, *v.*
ADMINISTRATOR, OHIO BUREAU OF
EMPLOYMENT SERVICES, ET AL.,
APPELLEES.

(No. 88828—Decided
May 19, 1987.)

*Honohan, Harwood, Chernett &
Wasserman* and *Dean M. Rooney,* for
claimant-appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Virginia A. Vito* and *Jeffrey B. Duber,* for appellees.

CHARACTER, J. This case is an appeal from a decision of the Unemployment Compensation Board of Review which denied unemployment benefits to claimant-appellant William H. Roche ("claimant") on February 21, 1985.

The decision of the board of review is unlawful, unreasonable and against the manifest weight of the evidence. Thus, the decision of the board of review is reversed.

The evidence in the case makes clear how the claimant quite reasonably was in fear of his physical safety. A summary of the facts supports this conclusion. Claimant, an employee in good standing, was fired when he left his guard post after a fellow security guard had assaulted him with a chair. The court notes the dutiful steps that the claimant undertook in protection of his employer's interest before he left his post. First, immediately following the assault, claimant escaped from the presence of his assailant, managing to retreat to the office of his assigned employer. Such a restrained and responsible measure no doubt prevented a vicious unprovoked assault from escalating into a destructive, full-fledged brawl. Second, once ensconced in the office, claimant promptly called both the police and his employer, Pinkerton's, Inc. Third, claimant did in fact wait at his assigned job site, the East Ohio Gas Company, until the Cleveland police arrived. Fourth, claimant did wait until the two responding police officers departed. Although he had been promised over the telephone by Pinkerton's that its field officers would arrive, these officers did not arrive by the time the police had left. Thus, claimant was left alone at his work site with the employee who had assaulted and threatened him. Claimant indicated in his testimony that he knew that his adversary was "coming back" to get him, but that he did not know when the field officers of Pinkerton's would be arriving.

It was only at this point, after having taken numerous steps to protect both his own safety and his employer's interest, that appellant took the reasonable and sensible action of leaving his work site. "An employee cannot be expected to remain on the job until an

actual physical assault takes place." *Taylor* v. *Bd. of Review* (1984), 20 Ohio App. 3d 297, 20 OBR 389, 485 N.E. 2d 827.

Appellees make much of the fact that in leaving his post to escape the prospect of harm, claimant was in apparent violation of the work rule of Pinkerton's requiring employees to receive proper authorization before leaving an assigned post. However, the court notes the lack of response by Pinkerton's, claimant's isolation in the face of a threatening situation, together with his attempt to stay on post. Given these circumstances, it would be unreasonable to maintain that claimant could fairly be discharged for leaving his post with no authorization. "[A] reasonable fear of one's personal safety is a proper reason for leaving one's employment * * *." *Taylor, supra,* at paragraph three of the syllabus. Also, it cannot be maintained that a security guard assumes the risk of assault from fellow employees.

For the reasons discussed, claimant's discharge was not for good cause and he is entitled to receive unemployment compensation benefits.

Accordingly, the decision of the board of review is reversed.

*Judgment reversed.*