Appellee, Rodney J. Parzych ("Parzych"), was employed by Liston's Painting, Inc. ("Liston's"), from June 1992 until the date of his discharge on August 1, 1997. Parzych's application for unemployment compensation was denied by the administrator for the reason that he had been discharged with just cause. That decision was affirmed following Parzych's request for reconsideration. Parzych then appealed to the Ohio Unemployment Review Commission ("commission") and the hearing officer reversed the administrator's decision, finding Parzych had been discharged without just cause. Liston's filed an application for further appeal which was denied by the commission. Liston's then filed an appeal to the Franklin County Court of Common Pleas, pursuant to R.C. 4141.28(O), which affirmed the decision of the commission. Appellant sets forth the following assignment of error:
 THE TRIAL COURT ERRED IN UPHOLDING THE UNEMPLOYMENT COMPENSATION REVIEW COMMISSION'S DECISION THAT CLAIMANT-APPELLEE WAS DISCHARGED WITHOUT JUST CAUSE IN THAT THE COMMISSION'S DETERMINATION WAS UNLAWFUL, UNREASONABLE, AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF OHIO REVISED CODE § 4141.28(O) AND TZANGAS, PLAKAS, MANNOS V. OHIO BUR. OF EMP. SERVICES (1995), 73 OHIO ST. 3D 694.
The criteria to obtain unemployment compensation is set forth in R.C. 4141.29, which provides as follows:
 Each eligible individual shall receive benefits as compensation for loss of remuneration due to involuntary total or partial unemployment in the amounts and subject to the conditions stipulated in this chapter.
* * *
 (D) Notwithstanding division (A) of this section, no individual may * * * be paid benefits under the following conditions:
* * *
 (2) For the duration of the individual's unemployment if the administrator finds that:
 (a) The individual * * * has been discharged for just cause in connection with the individual's work * * *.
Thus, the issue before this court is whether the commission abused its discretion when it found Parzych was discharged without just cause. In Irvin v. Unemployment Comp. Bd. ofReview (1985), 19 Ohio St.3d 15, 17, the court stated:
 The term "just cause" has not been clearly defined in our case law. We are in agreement with one of our appellate courts that "[t]here is, of course, not a slide-rule definition of just cause. Essentially each case must be considered upon its particular merits. Traditionally, just cause, in the statutory sense, is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." Peyton v. Sun T.V. (1975), 44 Ohio App.2d 10, 12
[73 O.O.2d 8].
In Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Serv.
(1995), 73 Ohio St.3d 694, the court approved the definition of "just cause" set forth in Irvin, and further stated, at 697-698:
 The [Unemployment Compensation] Act does not exist to protect employees from themselves, but to protect them from economic forces over which they have no control. When an employee is at fault, he is no longer the victim of fortune's whims, but is instead directly responsible for his own predicament. Fault on the employee's part separates him from the Act's intent and the Act's protection. Thus, fault is essential to the unique chemistry of a just cause termination.
Like the court in Irvin, the court in Tzangas recognized that questions of fault cannot be defined in the abstract but can only be evaluated based on consideration of the particular facts of each case. Tzangas, at 698.
The facts leading to Parzych's discharge were disputed. At the commission hearing, Michael Liston, President of Liston's, testified that Parzych left early August 1, 1997, without permission and broke into a company van to get his paycheck, which would normally be distributed around 4:30 in the afternoon. In the Ohio Bureau of Employment Services' request for employer information, Liston further stated that Parzych did not return to work until August 11, and presented a doctor's excuse on which the dates had been changed; however, at the hearing, in response to several direct questions from the hearing officer, Liston repeatedly stated that Parzych's discharge was based only on the allegation that he broke into the van and got his check early. (Tr. 4, 6-8.) In addition to Liston's testimony, he presented notarized statements of several employees setting forth what they had observed occur on August 1, 1997.
Parzych testified that, on July 30, 1997, he told his immediate supervisor, Jim McCallen, that he needed to leave work early on August 1, 1997, and was given permission to do so. Parzych further testified that, on August 1, 1997, when he reminded McCallen that he was leaving early and requested his paycheck, McCallen refused permission to leave or for an early distribution of the check. Parzych thought McCallen was harassing him intentionally because he was leaving early. While leaving the parking lot, Parzych passed McCallen's van, which he testified was unlocked, so he took his paycheck from the van and locked the van. Parzych acknowledged that the company handbook required written permission to leave early, absent an emergency, but stated that, in the past, telling the supervisor on the job had been an acceptable practice. (Tr. 18.)
In his report, the hearing officer found that Parzych was given permission to leave early and that he did not break into the company van. The hearing officer further stated:
 * * * Although the evidence is conflicting, it is the determination of the Hearing Officer to give greater credence to claimant's sworn testimony as opposed to the hearsay testimony presented by the employer.
* * *
 The employer's contention that claimant broke a window on the company vehicle in order to obtain his paycheck is not supported by the evidence of record. The facts as set forth above fail to demonstrate that the claimant was discharged as the result of any wrongdoing on his behalf. * * *
R.C. 4141.28(O)(1) provides:
 * * * If the court finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse and vacate such decision or it may modify such decision and enter final judgment in accordance with such modification; otherwise such court shall affirm such decision. * * *
 In Tzangas, the court held, at paragraph one of the syllabus:
 An appellate court may reverse the Unemployment Compensation Board of Review's "just cause" determination only if it is unlawful, unreasonable or against the manifest weight of the evidence.
The court further stated, at 696-697:
 * * * [W]hile appellate courts are not permitted to make factual findings or to determine the credibility of witnesses, they do have the duty to determine whether the board's decision is supported by the evidence in the record. Id. at 18, 19 OBR at 15, 482 N.E.2d at 590. This duty is shared by all reviewing courts, from the first level of review in the common pleas court, through the final appeal in this court.
 Former R.C. 4141.28(O), now renumbered R.C. 4141-28(O)(1), the statute setting forth the appeals process for unemployment compensation cases, does not create distinctions between the scope of review of common pleas courts and appellate courts. To apply the same standard at each appellate level does not result in a de novo
review standard. As this court stated in Irvine,
"[t]he fact that reasonable minds might reach different conclusions is not a basis for the reversal of the board's decision." Irvine at 18, 19 OBR at 15, 482 N.E.2d at 590. The board's role as factfinder is intact; a reviewing court may reverse the board's determination only if it is unlawful, unreasonable, or against the manifest weight of the evidence.
Based on the limited evidence presented to the hearing officer and this court's narrow scope of review, we find the commission's order was not unlawful, unreasonable or against the manifest weight of the evidence, and the trial court did not err in affirming it. As the hearing officer found, the evidence was conflicting and he gave greater credence to the evidence of Parzych. Such a decision was within the discretion of the fact finder. Liston has no personal knowledge of what occurred on the job site on August 1, 1997, and the only employees who did have personal knowledge were not present at the hearing and their evidence was presented only through notarized statements. It would be unreasonable of the hearing officer to give greater credence to such statements than to those of the claimant who testified in person. Cunningham v.Jerry Spears Co. (1963), 119 Ohio App. 169, 175; Taylor v. Bd.of Review (1984), 20 Ohio App.3d 297, 299.
Therefore, appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
BROWN and BRYANT, JJ., concur.