OPINION
Appellant Michele P. Mason appeals the judgment of the trial court affirming the decision of the Unemployment Compensation Board of Review. The board had denied Mason's claim for unemployment benefits by concluding that her employment with Cincinnati Metropolitan Housing Authority (CMHA) had been terminated for just cause. CMHA had alleged that Mason failed to use the time clock as required of CMHA's employees and falsified her time records.
CMHA employed Mason as an administrative assistant and paid her on an hourly basis. Her duties included secretarial work for the Director of Modernization, supervising clerical workers, and "handling" payroll. Ronald Stafford directly supervised Mason's work.
CMHA investigated Mason's failure to use the time clock and falsification of her time sheets when two clerical workers under her supervision complained. CMHA determined that Mason had failed to properly clock in or out 242 times. Further, according to CMHA, Mason (1) claimed payment for the time a plane was delayed in Georgia; (2) left early because her son was ill claiming to have worked at home the remainder of that day; (3) claimed eleven hours on her time sheet when she was not in the office; and (4) along with two other employees, indicated that she worked on a holiday when she had not. Mason contends that the last entry was an error, but that she did not discover it at the same time as the other employees because her check was deposited automatically. The other employees noted the error after reviewing their paycheck stubs.
CMHA fired Mason. Mason then requested an internal grievance hearing because she believed that her termination was in retaliation for reporting the sexual advances of a male employee in a supervisory position. The hearing was transcribed and the witnesses sworn, but CMHA has not provided an actual transcript of the grievance hearing at any point in this case. Instead, it has provided the grievance hearing officer's decision, which contained summaries of each witness's testimony. (We note that summaries by their nature require the author to use his or her discretion in determining what portions of testimony are more relevant than others and, if the author has not reviewed a transcript of the testimony, to rely on the author's memory and/or interpretation of the testimony.) The hearing officer at the grievance hearing was also CMHA's attorney and, subsequently, filed the administrative appeals resulting in Mason's appeal to the trial court. The grievance hearing officer concluded that Mason had not proved her grievance and that the termination of Mason's employment was justified.
Mason filed a claim for unemployment benefits, and her claim was granted by the Ohio Bureau of Employment Services because it concluded the facts were insufficient to demonstrate that there was just cause for Mason's termination. CMHA, through the same attorney who was the hearing officer at Mason's grievance proceedings, filed an application for reconsideration of that determination. Upon reconsideration, the Administrator of the Ohio Bureau of Employment Services affirmed the original decision. CMHA then appealed the Administrator's affirmation to the Ohio Unemployment Compensation Review Commission. Following a telephonic hearing, during which Mason and Joan Rourke, CMHA's Director of Human Resources, testified, a hearing officer determined that CMHA had just cause to discharge Mason. Mason requested a review of that decision, which was denied. She then appealed to the common pleas court. The trial court affirmed the decision of the commission review.
Mason raises two assignments of error in her appeal: (1) that the trial court erred in affirming the review commission's decision because the evidence did not support a determination of just cause, and (2) that the trial court's decision was against the manifest weight of the evidence. The essence of Mason's appeal in both assignments is that the commission's hearing officer gave improper weight to hearsay evidence in determining whether Mason's employment was terminated for just cause.
In her testimony before the commission's hearing officer, Mason stated that she was aware of the requirement to use the time clock, but that Stafford had given her permission to work at home, and that he had approved in advance her overtime hours. According to Mason, Stafford had given her verbal permission to record manually her time on mornings that she arrived late because she picked up doughnuts for morning meetings, and on mornings when she worked at home. (CMHA provided Mason with a computer to do work in her home.)
Mason also testified that Stafford allowed her to work at home to make up the hours she was delayed in Georgia and the hours she left work due to her child's illness. Although she could not specifically recall the eleven-hour recorded time entry, she testified that any time she did not come to work, she worked at home with Stafford's permission. She also testified that, at some time, employees were requested by the central office not to use the time clock when they worked on weekends, and that she frequently worked on weekends. She also testified, contrary to the summary of the grievance hearing, that Stafford's actual testimony at the hearing supported her testimony because he never denied giving her permission to work at home. During his examination, the commission's hearing officer referred several times to the grievance hearing summary, questioning Mason's testimony in light of CMHA's attorney's summary of Stafford's previous testimony.
Upon examination by the commission's hearing officer, Rourke testified that Mason was discharged for falsifying the time she worked, that the investigation of Mason ensued because of complaints by two clerical workers whom Mason supervised, and that Rourke did not discuss the allegations with Mason before her discharge. She testified that she attended the grievance hearing and that Stafford had testified that he had given Mason some limited authorization to work at home. Rourke testified that Mason would have to manually record the hours she worked at home. According to Rourke, Stafford stated at the hearing that he and Mason had the understanding that he would verify the manually recorded time by initialing the record. Rourke testified that when she reviewed Mason's time sheets, only two had been verified by Stafford's initials.
The same standard of review is used by both this court and the common pleas court. We may reverse the commission's decision of "just cause" only if we conclude that the decision was "unlawful, unreasonable, or against the manifest weight of the evidence."[1] While a reviewing court is "not permitted to make factual findings or to determine the credibility of witnesses," it does have "the duty to determine whether the board's decision is supported by the evidence in the record."[2]
R.C. 4141.28(J) provides that a hearing on an appeal from the determination of the administrator should be conducted informally. In conjunction with the allowed informality, a hearing officer may consider evidence that might constitute inadmissible hearsay.[3] But appellate courts, including this one, have provided some limitation on the unfettered use of hearsay testimony. In the majority of cases where the issue has been raised, courts have concluded that it is unreasonable for a hearing officer to give more credence to uncorroborated hearsay evidence than to sworn testimony.[4]
In Shirley v. Administrator, Ohio Bureau of EmploymentServices,[5] this court concluded that to give credibility to "written statements of a person not subject to cross-examination because he did not appear at the hearing and to deny credibility to the claimant testifying in person makes a mockery of any concept of a fair hearing." Thus, this court held that "it was unreasonable for the administrative agency to rely on [the hearsay] testimony for its principle findings against [the claimant]."
This court again addressed the issue in Western andSouthern Life Ins. Co. v. Ohio Bur. of Emp. Serv.[6] In that case, the employee was fired because she allegedly submitted a false document in support of a claim she was prosecuting against the employer. At some point during the administrative appeal process, the employee sought to introduce written documentation, including the allegedly false document and a report demonstrating that the document had been fabricated. The document was not identified by anyone during the proceedings as being the false document. The employee denied that she had presented a false document. The referee allowed the document to be proffered and concluded that the employee had not been fired for just cause. While this court recognized that otherwise inadmissible evidence may be admissible in an administrative hearing, it also found persuasive the following language of Taylor v. Bd. of Review:[7]
"This court has previously said that where the sworn testimony of a witness is contradicted only by hearsay evidence, to give credibility to the hearsay statement and to deny credibility to the claimant testifying in person is unreasonable. [Citations deleted.] Thus, any weight to be given the employer's hearsay is clearly outweighed by the appellant's sworn testimony at the hearing before the referee."[8]
In the instant case, Mason testified that Stafford gave her permission to record her time in the manner that she did, and that any time she worked either at her home or in excess of her regular hours was verbally approved beforehand by her supervisor. To discredit this testimony, the commission's hearing officer had to rely on Rourke's testimony that she had reviewed Mason's time records and found only two initialed by Stafford, and on the double hearsay contained in the grievance decision as to what Stafford had said at the internal grievance hearing. While the grievance hearing was allegedly transcribed and the witnesses sworn, the commission's hearing officer had only the summary of the testimony of Stafford as provided by CMHA's counsel.
While we are not willing to hold that the rule of Taylor v.Bd. of Review would, under any set of facts, preclude an administrative agency from concluding that a sworn witness's testimony is not credible, or that evidence bearing certain indicia of reliability and credibility cannot outweigh the sworn testimony of a witness, this case presents neither situation. The decision at the grievance hearing was prepared by CMHA's attorney, who subsequently filed CMHA's application for reconsideration of the determination of Mason's benefits, and CMHA's appeal to the review commission. Thus, not only was the report hearsay within hearsay, but it was also self-serving. In other words, CMHA had an incentive for the grievance report to be summarized in its favor.[9] Thus, we conclude that the grievance decision fails to bear the requisite indicia of reliability and credibility that could allow it to be given more weight than sworn testimony.
This is especially true in view of Mason's testimony that Stafford's sworn statements at the grievance hearing supported her understanding of what she was permitted to do concerning recording time, Rourke's testimony that Stafford testified otherwise, and the summary of Stafford's testimony in the grievance decision, which failed to fully and unambiguously support either witness's testimony. The only two people who could explain the verbal agreement between Mason and Stafford were Mason and Stafford. CMHA failed to present Stafford as a witness and, instead, relied on self-serving hearsay. The hearing officer's questions indicated he gave great weight to the hearsay. In view of all the above, we hold that it was unreasonable for the commission's hearing officer to give more weight to self-serving hearsay than to the sworn, consistent testimony of Mason.
Therefore, because the decision of the review commission was unlawful, unreasonable, and against the manifest weight of the evidence, we sustain Mason's assignments of error, reverse the decision of the court of common pleas, and remand the matter for a new hearing before the commission.
Judgment reversed and cause remanded.
 _________________________ PAINTER, Judge
 Doan, P.J., and Sundermann, J., concur.
[1] Tzangas Plakas Mannos v. Ohio Bur. of Emp. Serv. (1995),73 Ohio St.3d 694, 653 N.E.2d 1207, paragraph one of the syllabus.
[2] Id. at 696, 653 N.E.2d at 1210.
[3] Simon v. Lake Geauga Printing Co. (1982), 69 Ohio St.2d 41,430 N.E.2d 468.
[4] See The Western and Southern Life Ins. Co. v. Ohio Bur. ofEmp. Serv. (Apr. 19, 1989), Hamilton App. No. C-880084, unreported; Cunningham v. The Jerry Spears Co. (1963), 119 Ohio App. 169,197 N.E.2d 810; Taylor v. Bd. of Review (1984), 20 Ohio App.3d 297,485 N.E.2d 287; Isaac v. Admr., Ohio Bur. of Emp.Serv. (Mar. 21, 1985), Cuyahoga App. No. 48850, unreported; Greenv. Invacare (May 26, 1993), Lorain App. No. 92CA175478, unreported; Adanich v. Ohio Optical Dispensers Bd. (Oct. 8, 1991), Franklin App. No. 91AP-300, unreported; Vickers v. Ohio State Bur.of Emp. Serv. (Apr. 22, 1999), Franklin App. No. 98AP-656, unreported; Dean v. Bd. of Review (June 30, 1987), Lake App. No. 11-233, unreported; Liston's Painting, Inc. v. Parzych (Apr. 22, 1999), Franklin App. No. 98AP-1002, unreported; But, see, Roysterv. Bd. of Review (Apr. 13, 1990), Scioto App. No. 89 CA 1826, unreported.
[5] Shirley v. Administrator, Ohio Bur. of Emp. Serv. (Oct. 11, 1978), Hamilton App. No. C-77431, unreported.
[6] The Western and Southern Life Ins. Co. v. Ohio Bur. of Emp.Serv. (Apr. 19, 1989), Hamilton App. No. C-880084, unreported.
[7] Taylor v. Bd. of Review (1984), 20 Ohio App.3d 297,485 N.E.2d 827.
[8] Id. at 299, 45 N.E.2d at 829.
[9] Cf. Green v. Invacare Corp, supra, and Adanich v. Ohio OpticalDispensers Bd., supra.