OPINION
{¶ 1} This is an accelerated appeal of the judgment of the Trumbull County Common Pleas Court, which affirmed the decision of the Ohio Unemployment Compensation Review Commission. We affirm.
 {¶ 2} Appellant, Mark Stull, worked as a process engineer at Lexington Rubber Group, Inc., from November 8, 1995 to July 12, 2001. In June 2001, Stull was experiencing serious personal problems and started to miss work. Stull reported off on June 5, 2001; did not appear or report off on June 26, 2001; took a leave of absence from June 26 through June 29, 2001; reported off on July 7, 2001; did not appear or report off on July 11, 2001; reported off on July 13, 2001; took a leave of absence from July 16 through July 20, 2001; reported off on July 23 and 24, 2001; and did not appear for work or report off on July 25 and 26, 2001.
 {¶ 3} Stull presented evidence that the second leave of absence was to last for two weeks and that his employer encouraged him to seek counseling during this leave. The employer presented evidence that the leave was for one week, that Stull was required to attend three counseling sessions during this period, and that the counselor was to report to the employer. Stull admitted that he only saw the counselor one time. Stull was discharged from employment on July 27, 2001, for failing to report off work as required by the employer's policy.
 {¶ 4} Stull filed an application for determination of benefit rights on July 30, 2001 and a first claim for benefits for the week ending August 4, 2001. The Director found that Stull had been discharged for just cause and disallowed his claim on August 21, 2001. Stull appealed and the Director affirmed the initial determination on July 23, 2002. Stull appealed.
 {¶ 5} The Director transferred jurisdiction to the Review Commission on February 11, 2002. A hearing was held on March 6, 2002, and the hearing officer found Stull was discharged for just cause. The Review Commission denied Stull's request for review on April 25, 2002.
 {¶ 6} Stull appealed to the Trumbull County Common Pleas Court, which affirmed the Review Commission's decision. Stull filed a timely appeal to this court, raising one assignment of error: "The common pleas court erred in not reversing the Unemployment Compensation Review Commission's decision that [a]ppellant was discharged for just cause in connection with work."
 {¶ 7} R.C. 4141.29(D) provides:
 {¶ 8} "Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits under the following conditions:
 {¶ 9} "(1) * * *
 {¶ 10} "(2) For the duration of the individual's unemployment if the director finds that:
 {¶ 11} "(a) The individual quit work without just cause or has been discharged for just cause in connection with the individual's work * * *."
 {¶ 12} Just cause "is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." Irvine v. Unemp. Comp. Bd. of Rev.
(1985), 19 Ohio St.3d 15, 17. Just cause must be determined on a case-by-case basis. Id.
 {¶ 13} We apply the same standard as the common pleas court when reviewing the Unemployment Compensation Review Commission's just cause determination. Tzangas, Plakas Mannos v. Ohio Bur.of Emp. Serv. (1995), 73 Ohio St.3d 694, 696-697. "An appellate court may reverse the Unemployment Compensation Board of Review's `just cause' determination only if it is unlawful, unreasonable or against the manifest weight of the evidence." Id. at paragraph one of the syllabus. See, also, R.C. 4141.282(H) stating:
 {¶ 14} "The court shall hear the appeal upon receipt of the certified record provided by the commission. If the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission."
 {¶ 15} Appellant first argues that the just cause determination was unlawful, unreasonable, or against the manifest weight of the evidence because the employer failed to follow its own progressive discipline policy. We disagree.
 {¶ 16} "A failure to follow a mandatory progressive discipline procedure which results in an employee's discharge is a discharge without just cause and entitles that employee to receive unemployment benefits." (Emphasis added.) Pickett v.Unemp. Comp. Bd. of Rev. (1989), 55 Ohio App.3d 68, at paragraph one of the syllabus.
 {¶ 17} In the instant case, the employer had a progressive discipline policy; however, the policy stated that, "[p]rogressive and other discipline is at the company's discretion and each case will be evaluated on its own merits." Thus, the employer retained the right to disregard its progressive discipline policy.
 {¶ 18} The employer also had a policy that three unexcused absences would result in termination. Stull testified that he was aware of this policy. The evidence established that Stull had three unexcused absences.
 {¶ 19} Stull next argues that the Review Commission's decision was unlawful, unreasonable, or against the manifest weight of the evidence, because the only evidence presented at the hearing to establish just cause was hearsay.
 {¶ 20} In the instant case, the employer's human resource administrator, Nanette Brunie, offered sworn testimony as to the reason for Stull's discharge. The record reveals that much of Brunie's testimony was based on her conversations with Deborah Sgambati, the human resource manager. Sgambati was the person who had discussions with Stull regarding his leaves of absence and his termination.
 {¶ 21} Stull, relying on Cunningham v. Jerry Spears Co.
(1963), 119 Ohio App. 169, Taylor v. Bd. of Review (1984),20 Ohio App.3d 297, and Campion v. Ohio Bur. of Emp. Serv. (1990),62 Ohio App.3d 897, contends that this hearsay evidence was insufficient to support the hearing officer's determination. We disagree.
 {¶ 22} R.C. 4141.281(C)(2) provides in relevant part, "Hearing officers are not bound by common law or statutory rules of evidence or by technical or formal rules of procedure."Cunningham, Taylor, and Campion, are distinguishable from the instant case. In those cases, all of the evidence supporting the employer's position was unsworn and no representative of the employer testified at the hearing. In the instant case, Brunie presented sworn testimony as to the reason for Stull's discharge. Thus, given the relaxed evidentiary standards applied to hearing officers, the hearing officer was entitled to give such weight to this evidence as he saw fit.
 {¶ 23} We cannot say that the decision of the hearing officer was unlawful, unreasonable or against the manifest weight of the evidence. Appellant's assignment of error is without merit and the decision of the Trumbull County Court of Common Pleas is affirmed.
Judgment affirmed.
Christley and Grendell, JJ., concur.